John J. Walsh, J.
Defendant makes an application for a writ of error coram nobis, verified the 27th day of October, 1959 in which he seeks to vacate a judgment of conviction in this court on February 24, 1944 for the crime of rape in the second degree, in violation of section 2010 of the Penal Law of the State of New York, as a second offender.
Petitioner alleges two grounds for vacatur of the judgment of conviction, neither of which is within the periphery of error coram nobis.
1. Defendant-petitioner contends that he was indicted for the crime of rape in the first degree, as a second offender and was convicted by the verdict of the jury of.the crime of rape in the second degree, as a second offender. Defendant argues that this verdict and judgment was a nullity because rape in the second degree is not an ‘ ‘ included ’ ’ crime within the definition of the crime of rape in the first degree which would permit the jury under section 444 of the Code of Criminal Procedure to ‘ ‘ find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime.”
Defendant-petitioner is correct in his argument that rape in the second degree is not a lesser crime “included” within *334 the more serious crime of rape in the first degree. (People v. Burch, 281 App. Div. 348 [1953].)
This is unavailing to the petitioner, however, because this is an error of law appearing on the face of the record and it has been repeatedly held that a writ of error coram nobis cannot be used as a substitute for an appeal, nor to review errors of law. (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 6; People v. Gersewitz, 294 N. Y. 163; People v. Kendricks, 300 N. Y. 544.)
2. Defendant-petitioner contends that the indictment was improper in form, in that it charged him with being a second offender.
Section 275-b of the Code of Criminal Procedure (added by L. 1957, ch. 540 and amd. by. L. 1959, ch. 221) now provides that the indictment shall not allege that the defendant has previously been convicted of any crime.
There is no basis for defendant-petitioner’s contention that the indictment in 1944 charging him with rape in the first degree, second offense, was illegal in form, for at the time of such indictment, under the law then extant, the District Attorney had an option where other felony offenses were involved, of charging the defendant in the indictment as being a second, third or fourth offender as the ease might have been, or, after conviction laying a District Attorney’s information charging prior felonies.
In any event, the sufficiency or insufficiency of the indictment was an error of law on the face of the record and not reviewable by coram nobis. (People v. Fortson, 7 A D 2d 139 [1958].)
The application is in all respects denied. The District Attorney may submit an order in accordance herewith and serve a copy upon petitioner at the place of his incarceration, together with a copy of the answering affidavit.