Van Voorhis, J.
The relator has appealed from the affirmance of an order dismissing a coram nobis application. Appellant contends that he was misled respecting sentence in pleading guilty to a lesser offense than was charged in the indictment.
The indictment charged assault in the second degree in two counts committed upon the same victim on the same date. The first count alleged the infliction of grievous bodily harm (Penal Law, § 242, subd. 3). The second count, omitting the infliction of grievous bodily harm, charged an assault with an instrument, weapon or thing likely to produce grievous bodily harm (Penal Law, § 242, subd. 4).
Appellant pleaded not guilty to both counts, but the Assistant District Attorney recommended acceptance of a plea of ‘1 guilty to the crime of an attempt to commit the crime of assault in the second degree to cover all counts of the indictment.” In interposing this plea, appellant was led to believe that his punishment would be less severe than though he had pleaded to either of the charges of assault. Except in capital cases or life imprisonment, a person convicted of an attempt ‘£ is punishable by imprisonment for not more than half of the longest term, or by a fine of not more than one-half of the largest sum prescribed upon a conviction for the commission of the offense attempted, or by both such fine and imprisonment” (Penal Law, § 261, *514 suM. 2). Assault in the second degree is punishable by imprisonment for a term not exceeding 5 years or by a fine of not more than $1,000 or both (Penal Law, § 243). The maximum punishment for an attempt to commit this crime is a prison term of 2% years or a fine of not more than $500, or both. This appellant received an indeterminate sentence of from 6 years and 3 months to 12 years and 6 months. The explanation is as follows: To the surprise of appellant, after his plea to an attempt had been accepted, the County Judge conducted a hearing at which he called the complaining witness who testified that appellant hit him on the head with a child’s baseball bat and stabbed him with a knife. The witness was unable to say what kind of a knife it was except that it was about three inches long. Then the County Judge called a detective who saw appellant in the station house, but did not recollect having seen the baseball bat or the knife. Appellant’s attorney inquired “ the reason for this proceeding in view of the' fact that he had already pleaded guilty to attempted assault in the 2nd degree? ” to which the Judge replied: “The reason is to determine the nature of the weapon or weapons that were used; to determine whether or not the defendant comes within the purview of the statute in such case made and provided concerning increased punishment.” The appellant then took the stand and testified that the baseball bat was a souvenir, a little over a foot long, 1 ‘ Like the one you get at Ebbets Field ’ ’, weighing less than a pound, and that the knife was a kitchen paring knife. The Judge then stated that “ The Court finds that the defendant was armed with a' dangerous weapon that comes within the purview of the statute; to wit, the knife and that he is, therefore, amenable to added punishment under the Penal Law” (§ 1944).
An additional sentence of 5 to 10 years in Sing Sing was imposed, making the total sentence from 6 years and 3 months to 12 years and 6 months. The additional sentence under section 1944 of the Penal Law is the same for attempting to commit a felony as in the case of the commission of the felony, with the consequence that the total punishment was but slightly less than the maximum to which appellant could have been subjected if he had pleaded guilty to the indictment charging assault in the second degree. It is well established that section 1944 of the Penal Law is applicable to an attempted felony as well as to a *515 felony, and that it does not create a separate crime but increases the penalty for a felony committed or attempted (People v. Paradiso, 248 N. Y. 123, 126; People ex rel. Temple v. Brophy, 248 App. Div. 442, 444; People v. Krennen, 264 N. Y. 108).
If appellant had pleaded guilty to the crime charged in the indictment, or had been convicted after trial, it would have been proper for the court to have taken testimony to determine whether appellant was armed in order to determine the question of increased punishment (People v. Caruso, 249 N. Y. 302; People v. Krennen, supra). Here, however, appellant did not plead guilty to any count in this indictment. His plea was to a lesser crime which the court is authorized to accept on recommendation of the prosecuting officer (Code Crim. Pro., § 342-a). Section 334 defines the form of pleas to indictments. Unless it sets forth a former conviction or acquittal, the plea (with an exception pertinent here) must state that the defendant pleads that he is guilty or not guilty of the crime charged in the indictment. The exception relates to pleas to lesser crimes. Where that occurs, the defendant does not admit the facts charged against him in the indictment. He pleads guilty to something else. Subdivision 2 of section 334 directs that “If he plead guilty to any lesser crime than that charged in the indictment ” the substance of his plea shall be that 1 ‘1 the defendant pleads guilty to the crime of’ — (naming it).” Such a plea does not presuppose the truth of the facts pleaded in the indictment. Consequently it accomplishes nothing for the Judge to institute an inquiry concerning the facts alleged in the indictment, since the defendant has pleaded guilty to another crime. His plea only admits the facts stated in the plea as constituting the lesser crime. This accused, pleading guilty to an attempt to cover both counts in the indictment, may be deemed to have referred to the time, place and intended victim described in the indictment, but otherwise the plea to an attempt assumes different circumstances. This was quite different from pleading guilty to the indictment and gave no warrant to the court to conduct an inquiry to ascertain whether the facts alleged in the indictment were true or whether, if the acts described in the indictment were committed, the person who did so was armed.
Although the language of appellant’s plea of guilty to attempted assault in the second degree may be deemed to refer *516 to the time, place and intended victim described in the indictment, the plea of attempt presupposes different circumstances. Moreover, the practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situations may be based upon no objective state of facts. It is often a hypothetical crime, and the procedure— authorized by statute — is justified for the reason that it is in substitution for a charge of crime of a more serious nature which has been charged but perhaps cannot be proved. After a plea to a lesser crime has been accepted, the factual basis of the crime confessed can ordinarily be found only in the language of the plea. Here, appellant could have been guilty of attempted assault in the second degree if he intended to inflict grievous bodily harm without a weapon. It could not be assumed that he was armed from the plea which he entered and, since his plea may relate to a hypothetical situation without objective basis, it was not permissible for the Trial Judge to conduct a so-called section 1944 inquiry. The charges in the indictment cannot be tried after a plea to a lesser crime has been interposed, which stands as a barrier even where the inquiry discloses that an actual assault has been committed and not merely an attempt. Notwithstanding that being armed under section 1944 of the Penal Law is not a separate crime, but only an aggravation, and may be applicable to an attempt as well as to a completed crime, this section cannot be applied where the defendant has been allowed to plead guilty to a different crime unless the fact of being armed is admitted by the plea.
Here appellant manifestly intended to plead guilty to attempted second degree assault while unarmed. He had reason to believe that he would be punished less severely than if he had committed a second degree assault. In substituting an attempt for the counts in the indictment, the facts of the crime were necessarily altered, and, after the plea was taken, it was too late to go behind the facts contained in the plea in order to ascertain how the other crime occurred. In specifying that the plea to the substituted crime covered the whole indictment, armed assault was excluded. The lesser crime authorized by sections 334 and 342-a of the Code of Criminal Procedure need not be a lower degree of the same crime, nor an included crime. A plea of *517 larceny might be taken in satisfaction of a burglary indictment, but that would not admit or establish that the defendant broke into and entered a building with intent to commit a crime therein, nor could the sentence for larceny be aggravated by proving that he committed the burglary while armed. The very circumstance that, in the case of this as an included crime, the plea is to something less than is charged in the indictment, signifies that in accepting it the court acted on the basis of only such facts alleged in the indictment as are necessary to sustain the plea to the reduced crime. That, as has been indicated, does not require an assumption that appellant was armed, nor can the court conduct an inquiry into the facts of the suppositious crime confessed by the plea. If he was guilty of the charges in the indictment, he should have been tried in which event this problem could not have arisen. But if, as the County Judge and the Assistant District Attorney thought to be the case, there was enough doubt about his conviction to justify accepting a plea to another crime, the punishment as well as the conviction depend for legal authorization upon the facts admitted by the plea.
The County Court was without jurisdiction to impose the additional sentence under section 1944 of the Penal Law. While this point might well have been raised by writ of habeas corpus, we think that it is a proper subject of coram nobis especially inasmuch as the circumstances indicate that appellant was induced to plead guilty on the false assumption that the additional punishment would not be applied.
The order appealed from should be reversed, the motion granted, the sentence vacated, and appellant remanded for resentencing but without the imposition of the additional sentence under section 1944 of the Penal Law.
Chief Judge Desmond and Judges Fuld, Froessel and Foster concur with Judge Van Voorhis; Judges Dye and Burke dissent and vote to affirm.
Order reversed and matter remitted to the County Court, Kings County, for further proceedings in accordance with the opinion herein.