THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ABRAHAM JACKSON, Defendant.

County Court, Kings County, May 29, 1962.

*Edward S. Silver, District Attorney (Aaron Nussbaum* of counsel), for plaintiff. *Leon Kesner* for defendant.

HYMAN BARSHAY, J. This is an application in the nature of a writ of error *coram nobis* to vacate and set aside a judgment, dated September 8, 1958, convicting the defendant, on his plea of guilty, of the crime of robbery in the second degree and sentencing him as a second felony offender, to a term of not less

than 7½ and not more than 15 years in State prison. The defendant contends that he pleaded guilty, as aforesaid, in reliance upon a promise by the court that if he co-operated with the District Attorney and the police in connection with his accomplice who was not apprehended, he would be permitted to withdraw the plea and plead guilty to robbery in the third degree; that despite his co-operation, the court failed to keep its promise.

The defendant was granted a hearing at which it was elicited that on June 26, 1958, he was indicted for the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree; that in the commission of the crime, he was aided by an accomplice who has never been apprehended; that on July 2, 1958, he pleaded guilty to robbery in the second degree with the following understanding, as contained in the minutes of plea, " THE COURT: If he promises to cooperate with the police, and the District Attorney reports that fact to me in writing on the day of sentence, I will reduce this plea from robbery in the second degree to robbery in the third degree, but only in that event. Is that clear to you? THE DEFENDANT: Yes ". The probation report contained no information to the effect that the defendant co-operated with the authorities. On the day of sentence, the following colloquy took place between the court and defendant's counsel, as revealed by the minutes of sentence:

" MR. EIFERMAN: If your Honor pleases, I know your Honor has a full and complete probation report. However, supplementing the report before your Honor, this defendant appeared before the District Attorney's office, to give the District Attorney the information that he had. Now, I understand over the weekend, the name of the individual that he has given the District Attorney, he has been able to obtain the correct name. The name he was given was an alias, and over this week-end, we have succeeded in obtaining the correct name of the individual, which I now have.

" THE COURT: The District Attorney reported this morning that all the information furnished by this defendant was fruitless. Do you want to say anything?

" MR. EIFERMAN: We will rest on the probation report."

A recital by the petitioner of his efforts to co-operate with the District Attorney does not convince me that his efforts were genuine.

Upon the record herein, I find that the defendant failed to sustain his burden of proof by a fair preponderence of the credible evidence. The application is, therefore, denied.