**UNITED STATES of America ex rel. Abraham JACKSON, Petitioner,**

v.

**Hon. Edward M. FAY, as Warden, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

July 21, 1964.

Abraham Jackson, pro se.

Louis J. Lefkowitz, Atty. Gen., of New York, New York City, for respondent; Joel Lewittes, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner heretofore had a hearing in the County Court, Kings County, on his petition for a writ of error coram nobis based upon allegations that the judgment of conviction entered upon his plea of guilty to robbery in the second degree was void. His attack was based upon a claim that he had pleaded guilty to robbery in the second degree upon the Court's promise that if he cooperated with the District Attorney and police with reference to his accomplice, who had not then been apprehended, he would be permitted to plead to a lesser charge, robbery in the third degree, unarmed.

There is no dispute as to the circumstances under which the plea was entered. Petitioner's then counsel stated:

"[T]his defendant wishes to plead guilty to the crime of robbery in the second degree, unarmed, to cover the indictment, with the understanding that if he cooperates with the police in connection with the co-defendant, who was not apprehended * * *.

"THE COURT: If he promises to cooperate with the police, and the District Attorney reports that fact to me in writing, on the day of sen-

tence, I will reduce this plea from robbery in the second degree to robbery in the third degree, but only in that event.

"Is that clear to you?

"THE DEFENDANT: Yes.

"THE COURT: You've got to tell the truth because I am a hard man to fool.

"[ASSISTANT DISTRICT ATTORNEY]: Recommended by the District Attorney * * * with that understanding."

At the time of sentence, several weeks later, the Court stated that the information furnished by petitioner to the District Attorney was "fruitless." The petitioner, afforded the right of allocution, remained silent. He did not then seek to withdraw his previous plea of guilty. Upon admitting a prior felony conviction, he was sentenced upon the plea of guilty to robbery in the second degree, unarmed, to a term of seven and a half to fifteen years. Four years thereafter he filed his petition in the State Court for the coram nobis writ. He alleged he had kept his promise of cooperation, which the State disputed, and after taking testimony upon the issue, the County Judge found against petitioner and that he had failed to sustain his burden of proof.[1] Upon appeal, the denial was affirmed by the Appellate Division.[2] Leave to appeal was denied by the Court of Appeals.

■ The petition in this Court for a writ of habeas corpus is based, in the main, upon the same grounds advanced in the State Court; petitioner contends that his federally protected right to due process of law was violated when the sentencing Court failed to keep its promise despite his claimed cooperation—in summary, that his plea was unfairly obtained

and coerced because it was entered on a false premise that the promise of a reduced plea would be kept if he cooperated.

This Court has fully considered the petition and other papers presented in this application, and reviewed the entire record in the State Court, including the transcript of the testimony upon the coram nobis proceeding. That proceeding extended over a three-day period, during which petitioner, his wife, a detective and an Assistant District Attorney testified with respect to petitioner's allegations. The State Court concluded, after hearing all the witnesses, that the petitioner had failed, contrary to his promise, to cooperate. This Court is satisfied that a full and fair hearing was afforded petitioner by the State Court which found all the material fact issues contrary to his contentions, and further that the factual determination is fully supported by the record as a whole.[3]

■■ The petitioner makes the additional assertion (somewhat inconsistent with his claim that he was entitled to a further reduced plea to robbery in the third degree because he kept his promise to cooperate), not heretofore presented to the State Courts, that he was coerced into entering the plea by the Court's statement, "You've got to tell the truth because I am a hard man to fool," since it was a threat of greater punishment by the Court. Apart from the fact that this claim of coercion, upon which the validity of the judgment is now attacked and a Federal writ of habeas corpus sought, must be denied for failure to exhaust available State remedies,[4] there is no merit to the claim, since the Court's statement clearly relates to petitioner's own professed readiness to cooperate. It was upon this proposed cooperation on the part of the petitioner that the Dis-

1. People v. Jackson, 35 Misc.2d 209, 230 N.Y.S.2d 254 (1962).

2. 19 A.D.2d 863, 245 N.Y.S.2d 995 (2d Dep't 1963).

3. See Townsend v. Sain, 372 U.S. 293, 312–316, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

4. See People v. Codarre, 10 N.Y.2d 361, 223 N.Y.S.2d 457, 179 N.E.2d 475 (1961). See also, United States ex rel. Emerick v. Denno, 328 F.2d 309 (2d Cir. 1964).

trict Attorney recommended, pursuant to section 342–a of New York's Code of Criminal Procedure, that his offer to plead to robbery in the second degree be accepted, although the indictment charged robbery in the first degree. The State law provision which permits acceptance by a Court of a plea of guilty to a lesser offense than that charged in the indictment upon the recommendation of the District Attorney, confers a benefit to a defendant and in no way is offensive to fundamental concepts of fairness.

On the entire record this Court finds no substance to petitioner's contention that his plea of guilty was unfairly entered or coerced in violation of his constitutional right to due process of law under the Fourteenth Amendment.

The petition is dismissed.