**UNITED STATES of America ex rel. Arthur MASSEY, Petitioner,**

v.

**Hon. H. W. FOLLETTE, Warden, Green Haven State Prison, Stormville, New York, Respondent.**

No. 70 Civ. 788.

United States District Court,
S. D. New York.

Aug. 4, 1970.

————◆————

Arthur Massey, pro se.

Louis J. Lefkowitz, Atty. Gen., New York State, by Benton J. Levy, New York City, for respondent; Charles F. Kenny, New York City, of counsel.

## OPINION

EDELSTEIN, District Judge.

This application for a writ of habeas corpus [1] is predicated upon the circum-

1. This application comes to us pursuant to a transfer order issued by Travia, J. of the Eastern District of New York, where the application was initially, and improperly, brought. *See* Arthur Andrew Massey v. Follette, 69 C. 1640 (Feb. 1970).

stances surrounding petitioner's change of plea from not guilty to a charge of first degree rape [2] to a plea of guilty to second degree rape,[3] for which petitioner is currently serving a sentence of 8 to 10 years as a third felony offender.[4] Petitioner advances three contentions concerning his plea: (1) that second degree rape is not a crime charged in the indictment, and is not a crime included in or inferior to first degree rape, and that this violates his constitutional right to be charged by indictment; (2) that the Hon. Robert Dempsey of the Westchester County Court failed to comply with what petitioner characterizes as the "allocution requirements" of informing petitioner of his right to a jury trial when petitioner changed his plea; and (3) that Judge Dempsey was prejudiced against petitioner in not permitting petitioner's attorney to move to dismiss; "that the court should have permitted his attorney to make the motion to dismiss even if afterward denieing [sic] the motion."[5]

### POINT I

Petitioner's contention that second degree rape is not included in first degree rape is a challenge appropriate to convictions resulting from a jury verdict,[6] and not to those resulting from a plea of guilty to a lesser offense, the latter of which is an "entirely different situation."[7] In fact, so different is this situation that the lesser crime for which the plea is accepted may well be based upon no objective state of facts—that is, be entirely hypothetical in nature.[8] Furthermore, the New York Court of Appeals has expressly declared that the lesser crime for which the plea may be accepted "need not be a lower degree of the same crime, nor an included crime."[9] The sole determination is whether the plea here is to the type of lesser offense which, although not included in the crime charged, is authorized and permitted by the pertinent statutory provisions of the New York Code of Criminal Procedure— viz., Sections 332(1), 334(2) and, in particular, 342–a. Section 342–a, in pertinent part, provides:

> "In any case where the court * * * accepts a plea of guilty to a crime or offense *of a lesser degree or for which a lesser punishment is prescribed* than the crime or offense charged * * *" As amended, June 1966. (emphasis supplied)

Rape in the second degree is most certainly the type of lesser offense contemplated by this language, not only because it is a lesser degree than that of the offense charged, but also because as a Class "D" felony the punishment prescribed is less than that for rape in the first degree, a Class "B" felony.[10]

And, finally, the constitutionality of this procedure, sometimes referred to as "plea bargaining," is well-established, and not repugnant to any concepts of fundamental fairness.[11] Petitioner's first ground is without merit.

### POINT II

Petitioner next argues that he was deprived of his right to a jury trial

---

2. New York Penal Law, McKinney's Consol.Laws, c. 40, § 130.35.

3. *Ibid.* § 130.30.

4. Petitioner was indicted in two counts. Count 1—first degree rape; Count 2—second degree assault. (Based upon petitioner's handwritten copy of his indictment submitted as his Exhibit A). Apparently, the change of plea was in substitution for Count 1 only.

5. Petitioner's affidavit in reply. (4th of unnumbered pages)

6. People v. Burch, 281 App.Div. 348, 120 N.Y.S.2d 82 (1953); People v. Brandau, 20 Misc.2d 333, 192 N.Y.S.2d 680 (1959).

7. People v. Foster, 19 N.Y.2d 150, 153, 278 N.Y.S.2d 603, 605, 225 N.E.2d 200 (1967)

8. People v. Griffin, 7 N.Y.2d 511, 516, 199 N.Y.S.2d 674, 677, 166 N.E.2d 684 (1960)

9. Id., 7 N.Y.2d at 516, 199 N.Y.S.2d at 678, 166 N.E.2d at 687.

10. *Supra,* notes 2 and 3; New York Penal Law, Chart I, Felony Classifications and Prison Terms.

11. United States ex rel. Jackson v. Fay, 232 F.Supp. 897, 899 (S.D.N.Y.1964); United States ex rel. Ross v. Follette, 395 F.2d 721, 724 (2d Cir. 1968).

by virtue of the failure of the court to "give him an option or an opportunity to exercise his right to a jury trial," when petitioner changed his plea. The transcript of the proceedings [12] reveals that questions concerning the factual basis for the voluntariness and consequences of pleading guilty were first posed by the District Attorney, and not by the court; subsequently the court addressed its questions to petitioner. All questions were asked and answers given in the presence of petitioner, his assigned counsel, the prosecuting attorney and Judge Dempsey, the last to whose discretion the plea was addressed. The comprehensive and thorough examinations by both the District Attorney and Judge Dempsey includes the following exchange between the District Attorney and Massey:

> Mr. Francis Donohue: Do you realize that you are pleading guilty to a crime and felony?
>
> The Defendant: Yes, Sir.
>
> Mr. Francis Donohue: And do you realize that pleading guilty to a crime and felony is the same as if you had been tried before a Judge, a Jury and been found guilty after trial?
>
> The Defendant: Yes.
>
> \*　\*　\*　\*　\*　\* [13]

Upon the close of his questioning, and after having indicated his reasons therefor, the District Attorney, in accordance with statute,[14] recommended that the court accept the plea.[15] The court, without having indicated either acceptance or rejection, then conducted its own careful examination of petitioner. Presumably satisfied that the District Attorney had elicited an intentional and knowing waiver of the defendant's right to a jury trial,[16] the court chose not to repeat that line of questioning—did not "give an option" of a jury trial to petitioner. Instead, the court focused its attention on whether the plea was voluntarily given, after consultation with assigned counsel, and not as the result of promises or coercion. Only when fully satisfied that the plea was voluntarily and knowingly given, with defendant's awareness of his waiving thereby his right to a trial by jury, did Judge Dempsey accept it. Whatever may be the merits of Judge Dempsey's choosing not to repose questions to Massey concerning the waiver of a jury trial, this court finds that such procedure violated no rule, nor deprived petitioner of his right to a trial by jury. Petitioner's reference to the decision in McCarthy v. United States [17] mandating rigid adherence by the federal courts to Rule 11 of the Federal Rules of Criminal Procedure is not apposite here.[18] Aside from the fact that Rule 11 and its implementation is not binding on state courts, the New York Court of Appeals has expressly refrained from adopting either the language of that rule or one similar to it, preferring instead to proceed on a case by case basis.[19] In applying such

---

12. The complete transcript of petitioner's change of plea is incorporated as an appendix to this opinion. Where necessary for clarity and emphasis, excerpts are set out in the text of this opinion.

13. Transcript, p. 3.

14. N.Y.Code Crim.P. § 342–a.

15. Transcript, p. 4.

16. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

17. 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968).

18. Fed.R.Crim.P. 11, in pertinent part, states:
   "The court may refuse to accept a plea of guilty, and shall not accept such plea \* \* \* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." 18 U.S.C. Rule 11 (as amended, February 28, 1966).
   In passing, it may be noted that the appropriate remedy for a failure to comply with McCarthy is to provide defendant the opportunity to replead in conformity with Rule 11, and not a release from custody. See McCarthy v. United States, supra, 394 U.S. at 472, 89 S.Ct. at 1174, 22 L.Ed.2d 418.

19. People v. Nixon, 21 N.Y.2d 338, 345–346, 287 N.Y.S.2d 659, 664, 234 N.E.2d 687 (1967). And at 21 N.Y.2d 353,

broadly phrased standards to the instant facts, the fact that Massey was not here seeking to enter an initial plea, but rather was voluntarily seeking to *change* a plea of not guilty to the indictment is not without significance. It would not have been improper for the county court, in view of the opinion of the Court of Appeals, to have presumed that Massey realized that he was giving up his right to a trial by jury. This presumption need not even have been indulged in once Massey acknowledged to the District Attorney, in open court, that he realized his plea was tantamount to conviction "as if [he] had been tried before a Judge [and] a Jury. * * * " [20] This court agrees that Massey's change of plea was voluntarily given, with full awareness of and appreciation for the fact that by so pleading, Massey was committing "an intentional relinquishment or abandonment of a known right or privilege," [21] namely, the right to have the crime charged against him tried by a jury of his peers.

### POINT III

■ Petitioner's final charge is that Judge Dempsey was prejudiced against him. This bald assertion is grounded upon the following exchange between the court and petitioner's assigned counsel:

The Court: I will remand the defendant for sentence.

Mr. James Donohue: If Your Honor pleases, at this time should I move to dismiss—?

The Court: No.

Mr. James Donohue: At the time of sentence?

The Court: Yes.

(The defendant was remanded) [22]

\* \* \* \* \* \*

Petitioner argues "[T]hat the Court should have permitted his attorney to make the motion to dismiss even if afterward denieing [sic] the motion."

First, standing alone, the exchange is hardly a manifestation of bias by the Judge against either petitioner or petitioner's counsel. Second, when viewed against the court's examination of petitioner's desire to change his plea, the claim becomes altogether hollow. And finally, it would appear that Judge Dempsey was simply adhering to a routine procedure whereby the "remaining" counts of an indictment—i. e., those to which a defendant has not pleaded guilty—are "left open" until the date of sentence, at which time the court will then entertain a motion to dismiss the remaining counts. Although petitioner alleges that confusion on the date of sentence apparently resulted in the motion's not being made, such omission cannot be traced to any prejudice by Judge Demp-

287 N.Y.S.2d 670, 234 N.E.2d 695 the court says: " * * * it is highly doubtful that a uniform mandatory catechism of pleading defendants should be required. * * * The circumstances are too various. There are knowledgeable and criminally experienced defendants and there are those who are lacking in intellect or experience, or both. * * * These are all matters best left to the discretion of the court. In some instances even the most rigorous standards thus far suggested, either in the American Bar Association project or by the Federal rule [11], are hardly adequate; in others, the standards become an unnecessary formalism." *See* People ex rel. Byrd v. Conboy, 235 N.Y.S.2d 492 (Sup.Ct., 1962) where the court, without itself addressing any questions to defendant, accepted his plea upon the close of extensive questioning by the District Attorney.

20. Petitioner's reference in his application to his protest that "I am not guilty, Sir" does not demand a contrary result. The statement was made at a hearing on January 12, 1966, called solely to hear petitioner's counsel request leave to withdraw from the case. A full month later, the hearing at which petitioner changed his plea was called, at which time, significantly, petitioner offered no such protest either expressly or by implication.

21. Johnson v. Zerbst, *supra*, 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. 1461 (1938). Furthermore, the absence of a statement by petitioner that his plea would not have been so changed had the *court* itself, either in addition to or in place of the District Attorney, addressed to petitioner a question concerning trial waiver, though not decisive on the waiver issue, is, at least, notable.

22. Transcript, p. 7.

sey. Petitioner's own statement to the effect that the motion could have been entertained and denied, tends, of itself, to subvert his claim of prejudice.

In view of the foregoing, petitioner's application for a writ of habes corpus is denied in all respects.

So ordered.

## APPENDIX

County Court: Westchester County

————————————————x

The People of the State of New York,
-against-
Arthur Massey,

CHANGE OF PLEA
Indictment 617–65
Defendant.

————————————————x

White Plains, New York
February 11, 1966

Before: Honorable Robert E. Dempsey, County Judge.

Appearances: Leonard Rubenfeld, District Attorney, Attorney for the People, Westchester County Courthouse, White Plains, New York

By: Francis T. Donohue, ESQ., Of Counsel.
Assistant District Attorney.
James F. Donohue, ESQ., Attorney for the Defendant, 199 Main Street, White Plains, New York

Arthur Massey, Defendant, In Person.

## PROCEEDINGS

(February 11, 1966, before the Honorable Robert E. Dempsey, County Judge. Present in open court were: Francis T. Donohue, Assistant District Attorney, representing the People of the State of New York; James F. Donohue, Esq., attorney for the defendant; and Arthur Massey, the defendant.)

MR. FRANCIS DONOHUE: Your name is Arthur Massey?

THE DEFENDANT: That's right.

MR. FRANCIS DONOHUE: You are present in court this morning with your attorney Mr. James F. Donohue, is that correct?

THE DEFENDANT: Yes, sir.

MR. FRANCIS DONOHUE: Your Honor, the defendant previously pleaded not guilty to the indictment on September 20, 1965. His attorney, Mr. Donohue, has an application to make to the Court at this time.

MR. JAMES DONOHUE: If Your Honor pleases, at this time we respectfully ask permission to change the previous pleas of not guilty to a plea of guilty to the crime of rape in the second degree.

MR. FRANCIS DONOHUE: Mr. Massey, you have heard the application of your attorney Mr. Donohue, is that correct?

THE DEFENDANT: Yes sir.

MR. FRANCIS DONOHUE: Is it your application?

THE DEFENDANT: Yes, sir.

MR. FRANCIS DONOHUE: Do you realize that you are pleading guilty to a crime and felony?

THE DEFENDANT: Yes, sir.

MR. FRANCIS DONOHUE: And do you realize that pleading guilty to a crime and felony is the same as if you had been tried before a Judge, a Jury, and been found guilty after trial?

THE DEFENDANT: Yes.

MR. FRANCIS DONOHUE: Do you admit that you did, in the City of Peekskill, County of Westchester, on or about the 19th day of August 1965, you at the time being over the age of twenty-one years, perpetrate an act of sexual intercourse with Eileen Michaelson, a female not your wife, being of the age of sixteen years, under the age of eighteen years, under circumstances not amounting to rape in the first degree; do you admit that?

THE DEFENDANT: Yes, sir.

MR. FRANCIS DONOHUE: Have any promises been made to you by anyone in the District Attorney's Office or anyone connected with the Court, in connection with the plea that you have made today?

THE DEFENDANT: No, sir.

MR. FRANCIS DONOHUE: Have any threats been made upon you to induce you to plead as you have today, by anyone?

THE DEFENDANT: No, sir.

MR. FRANCIS DONOHUE: Have any representations as to what your actual sentence would be, been made to you by your counsel, by anyone in the District Attorney's Office, or anyone connected with the Courts?

THE DEFENDANT: No, sir.

MR. FRANCIS DONOHUE: Your Honor, upon examination of the file, and in the interests of justice, we recommend acceptance of this plea.

THE COURT: Mr. Massey, have you discussed with your assigned attorney Mr. Donohue—

MR. JAMES DONOHUE: Assigned, yes, Your Honor.

THE COURT: —your present plea of guilty to the crime of rape in the second degree?

THE DEFENDANT: Yes, sir, I have.

THE COURT: And after your discussion with him, have you thought it over?

THE DEFENDANT: Yes, sir.

THE COURT: And after thinking it over, is it correct that this is now a voluntary plea on your part?

THE DEFENDANT: Yes, sir.

THE COURT: No one has made any threats or promises to you?

THE DEFENDANT: I beg your pardon, sir?

THE COURT: No one has made any threats or promises to you?

THE DEFENDANT: No, sir. No.

THE COURT: How far did you go in school, Mr. Massey?

THE DEFENDANT: Seventh grade, sir.

THE COURT: So you understand the nature of your plea here today, do you not?

THE DEFENDANT: Yes, sir.

THE COURT: Now, you know that the Court has not indicated to anyone what sentence or punishment may be imposed upon you in this case?

THE DEFENDANT: That's right, sir.

THE COURT: You are much aware of that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: May I say to you that if you have previously been convicted of a crime, then under those circumstances, if that fact is shown to the Court, the Court may have to take that into consideration; are you aware of that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. You may take the defendant's pedigree; and I will accept the plea, Mr. Donohue, of rape in the second degree, and you will file a reduction certificate, Mr. Donohue?

MR. FRANCIS DONOHUE: Yes, Your Honor.

(The defendant was thereupon sworn by the Clerk of the Court and his pedigree was taken. During the taking of the pedigree, the following transpired:)

THE COURT CLERK: Arthur Massey, Jr., Mr. Donohue.

MR. FRANCIS DONOHUE: Arthur Massey, Jr. I move that all papers be amended to read "Arthur Massey, Jr.," Your Honor.

THE COURT: Yes.

THE COURT CLERK: Previous convictions?

MR. JAMES DONOHUE: Stand mute.

MR. FRANCIS DONOHUE: We are handing up at this time, Your Honor, a reduced plea certificate to the Court. May the defendant be remanded?

THE COURT: I will remand the defendant for sentence.

MR. JAMES DONOHUE: If Your Honor pleases, at this time should I move to dismiss—?

THE COURT: No.

MR. JAMES DONOHUE: At the time of sentence?

THE COURT: Yes.

(The defendant was remanded.)

I, Bernard Fabel, Official Court Reporter and Certified Shorthand Reporter in the State of New York, DO HEREBY CERTIFY the foregoing to be a true and accurate transcription of the within proceeding.

(s) Bernard Fabel
Bernard Fabel, CSR