■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CASTALDO, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Westchester County (Cowhey, J.), imposed April 29, 1983.

Sentence affirmed.

Defendant, represented by counsel, pleaded guilty with the understanding that he would receive the very sentence that was thereafter actually imposed. Under the circumstances of this case, defendant has no basis now to complain that his sentence was excessive *(see, People v Robinson,* 105 AD2d 762; *People v Kazepis,* 101 AD2d 816).

Nor was any error committed in defendant's adjudication as

a second felony offender. Under the particular facts of the case, the underlying 1976 pleaded-to felony of criminal possession of a weapon in the third degree was a lesser included offense, as the concept was then applied, of robbery in the first degree, the top count of the indictment under which defendant was charged *(see, People v Glover,* 57 NY2d 61, 64; *People v Johnson,* 39 NY2d 364; *People v Cionek,* 35 NY2d 924; *People v Hayes,* 35 NY2d 907). In any event, even if this were not so, it cannot be said that the 1976 plea was fundamentally unfair where defendant, indicted for, *inter alia,* a class B felony and represented by counsel, was permitted to plead guilty to a class D felony, for which probation was a permissible sentence, and where defendant acknowledged on the record that he was knowingly and voluntarily pleading guilty to criminal possession of a weapon in the third degree, a class D felony. Under the circumstances, the plea, which was never vacated, was final *(see, People v Francis,* 38 NY2d 150; *People v Foster,* 19 NY2d 150; *People v Griffin,* 7 NY2d 511), and defendant cannot now avoid the consequences of that underlying felony plea. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.