No. 22310.

LOUIS PETE LUCERO *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(434 P.2d 128)

Decided November 27, 1967.

248

EDWARD H. SHERMAN, Public Defender, TRUMAN E. COLES, Assistant, for plantiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

LUCERO, defendant below, is here by writ of error challenging the ruling of the trial court denying defendant's 35 (b) motion (Colo. R. Crim. P.).

To properly discuss the issues, a chronology of the case is indicated.

On March 11, 1964, the defendant was .charged by information with possession of two different types of narcotics, Cannabis, in count one, and Heroin in count two. Following his arrest defendant appeared in court without counsel. The court thereupon appointed Philip E. Lowery, a duly licensed attorney at law, to.represent him. Prior to his arraignment, Lowery, on at least one occasion, conferred with the defendant in the county jail. At that time the defendant fully disclosed the facts surrounding his arrest, including those relating to the search for and seizure of the two narcotics. Lowery also discussed the case with the defendant's wife and with the district attorney. The substance of the conversation with the district attorney will be discussed in greater detail later in the opinion.

On March 31, 1964, with his counsel present, the defendant was arraigned and entered a plea of guilty to the second count of the information.

One month later, on May 1, 1964, the defendant, by his then counsel, filed a motion to withdraw his plea of guilty and to suppress the evidence.

On May 6, 1964, the court, with the same judge presiding who had accepted the guilty plea, held a hearing at which the defendant offered evidence in support of his motion. The court denied the motion.

On June 1, 1964, after a pre-sentence investigation, the defendant was sentenced to a term of not less than eight years and not more than fifteen years in the state penitentiary.

On January 5, 1966, while serving his sentence at Canon City, the defendant, pro se, filed a motion to vacate his sentence under the provisions of Colo. R. Crim. P. 35 (b), alleging two grounds for relief. As his

first ground, he alleged that "The Counsel for the Petitioner misled and inadvisedly Plead the petitioner Guilty"; the second ground for vacation of the sentence was "The Courts failure to suppress evidence obtained in violation of the 5th Amendment of The Bill of Rights, of The United States Constitution." This reference is to the alleged unlawful search for and seizure of evidence, which point the defendant coupled with his May 1, 1964, motion to withdraw his plea of guilty.

The trial court granted the defendant a hearing on the 35 (b) motion and appointed the public defender to represent him. It is the denial of this motion after an evidentiary hearing which is before us on writ of error.

We are confronted with a somewhat anomalous situation, inasmuch as the defendant, in the motion which he prepared, claims he was "misled and inadvisedly Plead * * * Guilty" by his first counsel, whereas his second counsel, in his brief, argues that he did not knowingly and understandingly enter his plea of guilty and that the court failed in its responsibilities under Colo. R. Crim. P. 11, before accepting defendant's plea of guilty.

It will be recalled that defendant, prior to sentence, asked to withdraw his guilty plea and that he coupled this with a motion to suppress the admission into evidence of narcotic drugs. In the hearing on the 35 (b) motion, defense counsel attempted to establish by the defendant that he would not have entered a plea of guilty if he had known that he could not have been convicted by a jury if the search warrant were invalid. The defendant displayed normal intelligence by answering the question to the satisfaction of counsel. However, the search warrant was not offered in evidence nor was there any affirmative evidence suggesting the invalidity of the warrant.

■■ Be that as it may, the question of the validity of the search for and seizure of the contraband goods became moot upon the entry of the plea of guilty.

*Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003. The defendant forfeited his right to trial by pleading guilty. The only purpose that could be served by suppressing the evidence which was seized by the police would be to prevent its use by the prosecution at the trial. Colo. R. Crim. P. 41 (e). The prosecution's need for the evidence, after the guilty plea, ceased to exist, hence the question of the validity of the evidence was not properly before the court, unless, of course, it could be shown that the defendant did not intelligently, understandingly, and voluntarily enter the plea of guilty.

█ It should also be noted in connection with this point that the defendant has not asserted in any pleading or brief or in his oral testimony that he is not guilty of the offense charged, or that he has a meritorious defense to the charge. Such an assertion is a prerequisite to a motion to withdraw a plea of guilty. *Maes v. People,* 155 Colo. 570, 396 P.2d 457; *Champion v. People,* 124 Colo. 253, 236 P.2d 127; *Abshier v. People,* 87 Colo. 507, 289 P. 1081.

█ It is well established law in this jurisdiction that an application by a defendant in a criminal case to change a plea of "not guilty" to "guilty" or from "guilty" to "not guilty" is addressed to the sound discretion of the trial court, and that its ruling on such an application will not be reversed except where there is a clear abuse of discretion. *McIntosh v. City and County of Denver,* 144 Colo. 59, 355 P.2d 97; *Hawkins v. People,* 131 Colo. 281, 281 P.2d 156; *Gearhart v. People,* 113 Colo. 9, 154 P.2d 47.

Another facet of this issue raised by the defendant is that the court erred when, in the 35 (b) proceeding, it found that the defendant was properly advised of his rights, under Colo. R. Crim. P. 11, before his plea of guilty was accepted, and in finding that his plea of guilty was voluntarily and understandingly entered.

The record in the 35 (b) hearing discloses that the defendant had been in court on two occasions for ar-

raignment. The first time, without counsel, when the information was read to him and he was given a copy of it, together with a copy of the jury panel; next, with his counsel, when he waived the reading of the information. On this latter occasion, after the plea of guilty and before it was accepted, the court explained fully to the defendant the nature of the charge against him, his right to have his guilt or innocence determined by a jury, and the possible penalty which could be imposed for the offense to which he had indicated a desire to plead guilty.

These further facts gleaned from the record developed at the 35(b) hearing are significant in evaluating whether the defendant, for some reason, involuntarily entered the plea of guilty. These facts, also within the knowledge of the court, disclosed that the defendant was thirty-nine years of age at the time of sentence and that he had eleven years of education. At the 35(b) hearing the defendant was asked why he entered a plea of guilty when he knew he could "get as much as fifteen years." He replied, "Well, I was afraid of being charged with both [counts] * * * and would have faced more time" as a second offender.

The defendant's desire to plead guilty to one count and thereby limit the court to the sentence which could be imposed was explained at the 35(b) hearing. The defendant testified that he had a family for whom he had some regard and sense of responsibility. Because of this his counsel, at defendant's request, entered into an agreement with the district attorney whereby defendant would plead guilty to the second count if the district attorney would dismiss the first count. This agreement was carried out. This was proper. *Smith v. People,* 162 Colo. 558, 428 P.2d 69. No other promises or inducements were made to the defendant.

From the foregoing we have no difficulty in concluding that the plea of guilty was voluntary, that the defendant was not "misled," and that, as required

by Rule 11, he was advised by the court of the nature of the charges preferred against him, his right to have his guilt determined by a jury, the extent of the penalty upon a plea of guilty (and, of course, his right . to counsel, which he had), and, furthermore, that he understood all of the foregoing and intelligently and voluntarily entered his plea of guilty. Consequent'y, we hold that the record substantiates the findings of the trial court and that its denial of the 35 (b) motion was proper so far as this assignment of error is concerned.

The defendant, as his last point, asserts error in that the trial court advised and sentenced him under a penalty statute other than the one indicated in the information. The body of the information charges that the defendant "unlawfully and feloniously had in his possession a narcotic drug, namely, Cannabis; contrary to the form of the statute * * *." On the outside there is a notation or memorandum descriptive of the offense charged, with statutory references, which reads:

"Information For Possession of Narcotic Drugs (Two Counts) (C.R.S. 1953, 48-6-2 and 48-6-20)."

The assigned error apparently arose because of the 1959 amendment to C.R.S. '53, 48-6-20, which counsel for defendant overlooked, and its renumbering in C.R.S. 1963. The renumbering came about due to the repeal of C.R.S., Chapter 48, Article 5, prior to the publication of C.R.S. 1963. The statutory reference is not a material part of the information and, in the absence of any showing that the defendant was actually misled to his prejudice by an inaccuracy, if in fact such existed, no error arises therefrom. As a matter of fact, the sentencing court properly advised the defendant as to the penalty prior to sentence; the testimony of Mr. Lowery indicates that he was aware of the amendment and had correctly advised the defendant of the penalty during their pre-arraignment · conference; and the defendant testified prior to the acceptance of his plea by the court and

254

at the 35 (b) hearing that he understood the limits of the penalty.

▮ Since there was no misunderstanding as to the penalty on the part of the court, nor by the defendant and his counsel, the defendant could not have been prejudiced by the statutory reference. There is no error in this assignment.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.