PEOPLE v. BURGAN

CRIMINAL LAW—PLEA OF GUILTY—ATTEMPTED ASSAULT WITH IN-
TENT TO RAPE.
  A defendant can plead guilty of attempted assault with intent
  to commit rape (MCLA §§ 750.85, 750.92).

Appeal from Recorder's Court of Detroit, Henry
Heading, J.   Submitted Division 1 July 28, 1970,
at Lansing.   (Docket No. 8,659.)   Decided October
6, 1970.

John Lee Burgan was convicted, on his plea of
guilty, of attempted assault with intent to commit
rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and
QUINN, JJ.

REFERENCES FOR POINTS IN HEADNOTE
44 Am Jur, Rape §§ 21–27.
21 Am Jur 2d, Criminal Law §§ 110, 484.
Attempt to commit assault as criminal offense.  79 ALR2d 597.

PER CURIAM.  Defendant was charged in the Recorder's Court for the City of Detroit with the crime of assault with intent to commit rape, CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).  On June 24, 1969, defendant waived trial by jury and pled guilty to the offense of attempted assault with intent to commit rape, CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287).  His plea was accepted and defendant was sentenced to serve four to five years in the state penitentiary.

On appeal, the defendant contends that there is no such crime as "attempted assault with intent to commit rape."  He cites *People* v. *David* (1920), 211 Mich 50 to support his claim.  In *David,* the defendant was charged under CL 1915, § 15212, which provides in part:

"If any person shall assault any female with intent to commit the crime of rape, he shall be deemed a felonious assaulter  *  *  *  ."

The jury, pursuant to instructions, convicted under the lesser included offense "attempted rape."  The Michigan Supreme Court concluded:

"We are of the opinion that the learned trial judge was in error in charging the jury that, included within the charge of 'assault with intent to commit rape,' there is a lesser offense, to wit: 'attempted rape'.  Under the authorities cited, the only included lesser offense would be assault and battery.

"The judgment is set aside, and a new trial awarded."

This Court rules that in guilty plea cases, the attempt statute is applicable to the crime of assault with intent to commit rape.  This Court will not analyze the application of the attempt statute to each and every crime (*cf. People* v. *Pickett* (1970),

21 Mich App 246). The defendant pled guilty to a crime less than the one with which he was charged. He will not now be heard to claim that he was harmed. *People* v. *Collins* (1968), 380 Mich 131; *Pickett, supra.*

Affirmed.