(May 21, 1974)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MIGUEL CASTRO, Appellant.— Judgment, Supreme Court, New York County, rendered January 31, 1972, convicting defendant of the crime of manslaughter (first degree) on his plea of guilty affirmed. Defendant admitted that he killed his infant stepdaughter. He did this by repeated blows with his fists and with a leather belt. All of this he concedes. It is now claimed that the defendant's admissions do not show an intent to inflict serious physical injury. To convict it is not necessary that there should be an explicit admission of such intent as distinct from a finding. Here the acts themselves bespeak the intent. But even assuming that the element of intent was not admitted in defendant's admission of his acts, the plea would still be valid. It is undisputed that the plea was entered during a trial on an indictment charging murder and was taken by defendant to avoid a possibly severer sentence. Under these circumstances a defendant may plead to a crime which does not even exist and the plea is valid (People v. Griffin, 7 N Y 2d 511). Such a hypothetical crime has no elements, yet their absence does not affect the plea. Concur — Steuer and Tilzer, JJ.; Kupferman, J., concurs in a memorandum, and Nunez, J. P., and Murphy, J. dissent in a memorandum by Murphy, J., as follows: Kupferman, J. (concurring) : The defendant pleaded guilty to manslaughter in the first degree (Penal Law, § 125.20). The quotation in the dissent of a statement by the court as to what actually happened, which statement was acceded to by the defendant, sets forth the facts of the crime. These facts would also justify a charge of manslaughter in the second degree (Penal Law, § 125.15), in that the defendant "recklessly cause[d] the death of another person". Manslaughter in the second degree is a Class C felony, for which a sentence to a term of from 5 to 15 years in prison is possible. Assuming that we have the power (see CPL 470.15, subd. 2, par. [a]), there would be no point in a remand for a repleading and resentencing, and as a matter of discretion we can reduce the charge to manslaughter in the second degree. Nunez, J. P., and Murphy, J. dissent in the following memorandum by Murphy, J.: Defendant was charged with homicide following a fatal beating inflicted on his infant stepdaughter. His plea of guilty to manslaughter in the first degree (for which he was sentenced to an indeterminate term of imprisonment of from 5 to 15 years) was accepted after the following colloquy occurred: "THE COURT: 20th, 1971, in an apartment, 25 East 111th Street, City and County of New York, apartment 5-E. You were there, your wife was there, her daughter, and your father, and that during the day you were apparently, according to the testimony, suffering from either a lack of drugs or you had taken drugs and you were not yourself. For some reason or other the young child here upset you. You started out to help her but she got a choking fit from swallowing an orange, and maybe you didn't fully realize what you were doing, but you started to slap her on the back to get the orange out of her mouth, and then on two or three other occasions, this apparently created some situation in your mind and on two or three, at least two other occasions you struck this child, probably not realizing that you were using a great degree of force or not caring what happened, but struck her on any

number of occasions, and it's alleged you also hit her with a belt, that she suffered many bruises, that you did realize finally that perhaps this child was seriously injured, you helped to get a cab with your wife, and the child was taken to a hospital. Though you didn't go in you told your wife, tell them the child fell down the stairs, which will indicate that you realized at the time that you had done something you shouldn't have done. And as a result this child died. And you acted in what is called a depraved manner, and whatever set your mood, it could have been drugs or lack of drugs, but that was up to you, whether you want to take drugs or you don't want to take drugs, you're responsible. It's a matter to be considered, but, however, whatever condition you're in is brought on by your own doing, and this doing apparently sets you off in a violent mood that you gave this poor child an unmerciful beating. You may not have intended it, but that's what happened. Now, is that a fair statement? THE DEFENDANT: Yes. THE COURT: What? THE DEFENDANT: Yes, sir. THE COURT: All right, the plea is accepted." Since "intent to cause serious physical injury to another" or "intent to cause the death of another" is an essential element of this crime (Penal Law, § 125.20, subds. 1, 2) and the court's own version of the underlying facts casts a grave doubt as to the existence of such requisite element, a valid plea was not interposed. (Cf. *People* v. *Serrano*, 15 N Y 2d 304.) Defendant was not pleading guilty to a hypothetical crime, but to a lesser one. Even *People* v. *Griffin* (7 N Y 2d 511), cited by the majority, provides (p. 516) that in such circumstance "after a plea to a lesser crime has been accepted, the factual basis of the crime confessed can ordinarily be found only in the language of the plea". Additionally, consideration must also be given, in connection with any determination as to defendant's criminal liability or capacity to understand the plea and sentence proceedings, to appellant's extensive history of drug use and prior confinements. Defendant was 26 years of age at the inception of this proceeding. At the age of 14 he was found to be incorrigible and, shortly thereafter, delinquent. He was a constant behavior problem at the Warwick Training School and the Training School Annex. In 1968, after formal discharge from another period of incarceration at the Eastern Correctional Institution and Beacon State Institution, defendant was retained for some 10 months under section 135 of the Mental Hygiene Law as an alleged dangerous mental defective. The Psychiatric Clinic of the Supreme Court was requested to examine defendant in this case, but no report was submitted prior to sentence. Moreover, and in any event, defendant must be remanded for resentence because of the sentencing Judge's failure to state any reason for the imposition of a minimum period of imprisonment. (Penal Law, § 70.00, subd. 3, par. [b]; *People* v. *Wright*, 40 A D 2d 940.) In light of the foregoing, the judgment of conviction should be reversed and remanded for repleading and resentencing, but only after an appropriate determination is first made as to defendant's competency. (Cf. *People* v. *Bangert*, 22 N Y 2d 799.)