■ The People of the State of New York, Respondent, v. Keith A. "U", Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered March 29, 1974, adjudging defendant to be a youthful offender. Defendant, age 16, was charged with the crime of arson, second degree, for allegedly starting a fire in the barn of one Skiff by whom he was employed. After a trial, he was found guilty of arson, fourth degree. On this appeal he raises several issues. The record reveals that, at the time of the fire, defendant

was living at the Tryon School for Boys, and that the day after the fire he signed a confession. He contends that the confession was not a voluntary one. We disagree. The interview by the State troopers lasted about one hour and was in the presence of a supervisor of the school. There is no evidence of promises, threats, coercion, force or other impropriety. He was apprised of his *Miranda* rights before giving his statement. As to the sufficiency of the evidence to support the crime of arson in the fourth degree, the record justifies a finding by the jury that defendant threw a lit cigarette into the upstairs hayloft knowing it was lit and without caring whether a fire started therefrom. From such an act the jury could infer the necessary intent. Furthermore, the record also reveals sufficient proof outside the confession to establish that defendant started the fire. There is proof that defendant was the only one in the upper loft of the barn where the fire started, and that the wiring in the upper barn had been disconnected. Defendant further contends that a remark by a witness that defendant liked to start fires was prejudicial and that the court should have granted a mistrial. This contention also lacks merit for the record demonstrates that the information was elicited by defendant's attorney and the court immediately instructed the jury to disregard it. We have carefully examined the other issues raised by defendant and find them unpersuasive. Considering the record in its entirety, we are of the opinion that there is sufficient proof to justify the jury's verdict of guilty, and the judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.