. Memorandum. Order of the Appellate Division affirmed.
The so-called colloquy by the trial court with defendant upon taking his plea of guilty during the trial justified the plea on any possible theory. The reference to defendant not realizing that he had used a great degree of force is ambiguous whether it referred to the fatal beating or prior beatings. The reference to defendant’s asserted lack of intent evidently referred to a lack of intent to kill, not to the lack of intent to give a merciless beating to his infant stepdaughter, the last of several physical abuses of the child. Hence, defendant’s contentions on appeal, adopted by the dissenters at the Appellate Division, is without basis in law or fact. Indeed, the circumstances of the assault on the child would have justified the jury in convicting defendant of murder, as trial counsel undoubtedly foresaw, if the trial had been completed instead of being interrupted by the voluntary plea of guilty to a lesser crime recommended by his trial counsel.
In any event a colloquy in the taking of a guilty plea should not be parsed in the manner that a common-law pleading would have been scrutinized in the days of the Year Books (see People v Selikoff, 35 NY2d 227, 246). As a matter of fact, *820 the trial court was explicit that it was trying to put the matter in layman’s language so that defendant would understand what it was saying. Such an effort should not be subjected to legalistic hypertechnical examination. The reality came through that defendant, a drug-user, had on several occasions brutally beaten the child, causelessly, and with a belt, the last beating resulting in death, which he then would have concealed by trying to have the mother fabricate the cause of the injuries
The issue of mental competency was never raised by defendant before or during the trial. Nor did his mental and drug-use history require the court to make further inquiry or require a report before sentence (see People v Butts, 32 NY2d 946; People v Carter, 31 NY2d 964, 965).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.