■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PASCALE, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 27, 1977, convicting defendant, on his plea of guilty of attempted murder in the second degree, and sentencing him thereupon to an indeterminate term of 4 to 12 years, affirmed. During the plea colloquy defendant was asked to state what he had done. He replied, "On March 29, 1977, I fired three shots at Mr. Falantano in his car." Defendant now claims that his recital of the facts did not spell out an intent to commit murder, and that the court should have inquired further before accepting his plea. It is

axiomatic that there is no uniform mandatory catechism for plea taking. *(People v Nixon,* 21 NY2d 338, 353.) The nature of the plea bargaining process is such that all the factors which entered into the bargain dictate a unique procedure each time. Among the circumstances which might alert a court to the fact that the defendant's plea is inappropriate would be *"Evidence of a dispute on the facts" (People v Francis,* 38 NY2d 150, 153), where the defendant's factual recital negated an essential element of the crime to which he pleaded. Here, defendant has not negated any element of the crime. Indeed, from his own admission that he fired three shots at the victim, one could readily infer an intent to commit murder. In a similar case, involving a plea also, where it was claimed that the defendant's admissions did not show an intent to inflict serious physical injury, this court noted "To convict it is not necessary that there should be an explicit admission of such intent as distinct from a finding. Here the acts themselves bespeak the intent." *(People v Castro,* 44 AD2d 808, affd 37 NY2d 818.) Likewise, in this case, defendant's acts bespeak the intent. Where the record shows that the defendant "admitted committing the acts alleged and his intent" (to commit the crime to which he pleaded) "is 'readily inferrable' from his statements regarding the circumstance of the crime" *(People v McGowen,* 42 NY2d 905, 906), the court is under no duty to make any further inquiry. It is quite clear that the defendant knew what he was doing when he pleaded guilty, and it is quite reasonable to infer that he intended to kill Mr. Falantano when, aiming the gun at his intended victim, he pulled the trigger three times. Concur—Lane and Sullivan, JJ.; Murphy, P. J., concurs in the result only; and Fein, J., dissents in the following memorandum.

Fein, J. (dissenting). Defendant appeals from a judgment convicting him on a plea of guilty to attempted murder in the second degree and sentencing him to an indeterminate term of 4 to 12 years. The majority, in affirming the conviction, overlooks the insufficiency of the plea allocution and the failure of the court in accepting defendant's plea to inquire of defendant in sufficient manner to establish the requisite criminal intent to kill, clearly an essential element to the crime. Appellant Anthony Pascale and his brother as codefendant had been charged with acting in concert in attempting to cause the death of one Richard Falantano. Appellant was indicted for attempted murder in the second degree by firing at Falantano with a loaded .38 caliber revolver on March 29, 1977. At the plea hearing defendant withdrew his plea of not guilty and pleaded guilty to the crime of attempted murder in the second degree, a class B felony under the first count of the indictment to cover the entire indictment. The court elicited from defendant the fact that he was pleading guilty voluntarily and of his own free will and that defendant was aware that by pleading guilty, he was waiving his right to a trial by jury and to confront his accusers. Defendant expressed an understanding that by pleading guilty he waived his privilege against self incrimination and that his plea had the same legal effect as a conviction after trial. The court instructed defense counsel as to the need for defendant to tell the court exactly what he did in order to sustain the plea, subsequent to which the following exchange is recorded in the minutes: "[DEFENSE COUNSEL]: Anthony will you tell the Court what you did on March 29, 1977? DEFENDANT A. PASCALE: On March 29, 1977, I fired three shots at Mr. Falantano in his car. THE COURT: Plea is acceptable. [ASSISTANT DISTRICT ATTORNEY]: Plea is acceptable to the People, Your Honor." The plea minutes do not record any further inquiry by the court as to the events of March 29, 1977 sufficient to establish the commission of the crime of attempted murder

in the second degree. The statement by defendant that on the aforesaid date he fired three shots at the victim in his car is insufficient to support the crime of attempted murder in the second degree. Lacking is an express admission by defendant of intent to kill or of facts from which such an intention may be readily inferred. Section 110.00 of the Penal Law provides: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." The "intent to cause the death of another person" is an essential element of the crime of attempt to commit murder in the second degree. Subdivision 1 of section 125.25 of the Penal Law specifies that "intent to cause the death of another person" is a necessary element of the crime of murder in the second degree. At no time during the plea allocution did the court inquire as to whether defendant intended to kill the victim. Nor was there an admission of facts readily supporting an inference of such intent. In the absence of such an admission, the plea was defective. Although it is clear that no mandatory catechism is required during the plea proceeding *(People v Nixon,* 21 NY2d 338, 353), the interrogation by the court must be sufficient to establish the guilt of the defendant of the crime to which he is pleading. *(People v Serrano,* 15 NY2d 304.)* As *Serrano* holds (p 370), since intent to kill is a necessary or essential element of the crime of attempted murder, second degree, the absence of any statement or admission by defendant that he intended to kill the victim or of facts from which the intent to kill may "readily be inferred" requires reversal of the conviction and remand for further proceedings. In affirming, the majority assumes that intent to kill may be implied or inferred from the very acts admitted by defendant. However, the admission by defendant that he fired shots at the victim in a car does not imply as a matter of law an intent to kill. Defendant's act is equally consistent with an intention to wound or cause serious physical injury or to frighten the victim. Nor may reliance be placed upon the fact that three shots were admittedly fired by defendant at the victim. There is no proof whatsoever in the record as to defendant's location in relation to that of the victim at the time the shots were fired. The court did not inquire of defendant to establish whether the shots were fired at point blank or even close range. Therefore, reliance upon the number of shots fired to imply an intent to kill is unwarranted. Nor may reliance be placed upon the statements made by the Assistant District Attorney in setting forth his version of the essential facts in the case prior to the inquiry operate as a substitute for the failure to elicit from defendant the requisite elements of the crime. The statement by the Assistant District Attorney that defendant "attempted to cause the death of Mr. Richard Falantano by firing shots from a loaded .38 caliber revolver at Mr. Falantano" does not supply evidence of the necessary intent. Defendant did not even admit to that statement. In a plea proceeding it is the function of the court properly to elicit from defendant the pertinent facts to establish the essential elements of the crime. Defendant's admission that he fired the shots at the victim without an acknowledgement that he intended to kill him or of facts from which such intention might "readily be inferred" was insufficient. It required that the court inquire further to establish an admission by defendant that he possessed the requisite intent to commit the crime. The failure of the court to do so undermines the guilty plea and requires that the judgment of conviction be reversed, the plea vacated and the matter be remanded for further proceedings.