■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LEBRON, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 26, 1977, convicting defendant, on his plea of guilty, of arson in the fourth degree, and sentencing him thereupon to an indeterminate term having a maximum of four years, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings. When the court examined defendant on the facts underlying the crime after his offer to plead guilty to arson in the fourth degree, the following transpired: "THE COURT: Do you remember a fire in that apartment at that day? DEFENDANT: I was painting the apartment with the paint and [sic] had been given to me by the landlord. She had given me some liquid to mix the paint. This is what caused the fire. THE COURT: How did the fire get into the paint? DEFENDANT: The liquid— THE COURT: How did the fire—how did it catch fire? DEFENDANT: It was, I think it was a cigarette that I had. I was smoking, I threw it to— threw the cigarette on the floor and apparently it caught fire. It was a flammable liquid." While it is, of course, axiomatic that a uniform mandatory catechism is not required in the taking of a plea (People v Nixon, 21 NY2d 338, 353), defendant's responses were such as to warrant further inquiry. Although other information might have been available to the court as to his guilt, at no time did defendant admit on the record that he intentionally started a fire. Nor did he admit to conduct from which an inference of intent could be drawn. "A person is guilty of arson in the fourth degree when he recklessly damages a building by intentionally starting a fire or causing an explosion." (Penal Law, § 150.05, subd 1.) Where intent is an essential ingredient of the crime that element must be admitted, or appear from the defendant's recital of the facts. (See People v Serrano, 15 NY2d 304; see, also, People v Pascale, 66 AD2d 653.) All that defendant admitted was that he threw a cigarette on the floor. There was no admission that he threw the cigarette into a flammable area such as the container of paint or paint thinner. Thus, this case is distinguished from People v Keith "U" (47 AD2d 791, 792) where an inference of intent could be drawn from a defendant throwing a lighted cigarette into a hayloft. At most, defendant admitted to conduct which was reckless or careless, but not intentional. Accordingly, the plea cannot stand. Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Bloom, JJ.