■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DINGELDAY, Appellant. — Judgment unanimously reversed, on the law, plea vacated and matter remitted to the Supreme Court, Erie County, for further proceedings, on the indictment. Memorandum: Defendant entered a plea of guilty to the reduced charge of attempted assault in the second degree, in satisfaction of an indictment charging him with assault in the second degree, five counts of reckless endangerment, second degree, and one count of obstructing governmental administration. He was sentenced as a second felony offender to an indeterminate term with a minimum of two years and a maximum of four years. At the time the plea was entered the following colloquy took place: "The

Court: All right. Explain to the Court how you committed this crime, Mr. Dingelday. The Defendant: Police officers, two were chasing me, and my car come too close to theirs, I guess. The Court: And what happened? The Defendant: I led the police car on a chase, and my car come too close to theirs. The Court: It come too close to theirs? There was no contact, nobody hurt? The Defendant: Well, yes, they were hurt. My car hit theirs. The Court: I don't think you are giving me enough information on the charge, here. The Defendant: The police officers cars were damaged, and one police officer was hurt, because of an accident, because of them chasing me. The Court: All right. Okay." The facts thus adduced provided no basis for a criminal charge, but merely indicated that there had been a police chase and an apparent vehicular accident. Even where, as here, a plea is entered after a bargain for a reduced charge, there must be some showing that defendant is, in fact, guilty of criminal conduct. "[I]f the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one." *(People v Serrano,* 15 NY2d 304, 308; see, also, *People v Lebron,* 68 AD2d 836.) (Appeal from judgment of Erie Supreme Court, Kasler, J. — attempted assault, second degree.) Present — Dillon, P. J., Simons, Doerr, Denman and Moule, JJ.