The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Jimmy Lee WAITS,
Defendant-Appellant.

No. 81CA1312.

Colorado Court of Appeals,
Div. II.

Aug. 23, 1984.

Rehearing Denied Sept. 20, 1984.

Certiorari Granted Feb. 11, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Susan L. Foreman, Norman R. Mueller, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Jimmy Lee Waits, appeals the trial court's denial of his Crim.P. 35(c) motion for post-conviction relief on the basis that his pleas of guilty to the charges of attempted first degree murder and second degree burglary were unconstitutionally obtained. We affirm.

The two charges to which defendant pled guilty arose from two unrelated incidents: the 1977 burglary and theft of the home of Leonard Weiner, and the 1978 non-fatal stabbing of Marvin Yoches, committed during the course of a nighttime burglary of the Yoches' home. During pretrial proceedings, the trial court suppressed certain stolen property and a pair of pliers discovered on the floor of defendant's automobile and beneath its seat, from which suppression order the People interlocutorily appealed. In June 1978 our Supreme Court reversed the suppression ruling and remanded for further proceedings. *See People v. Waits*, 196 Colo. 35, 580 P.2d 391 (1978).

On January 30, 1979, defendant pled guilty to attempted first degree murder, second degree burglary, and two habitual criminal counts, in exchange for which plea the People dismissed additional charges of burglary, aggravated robbery, carrying a concealed weapon, and four habitual criminal counts. The habitual criminal counts were based on defendant's 1971 and 1973 felony convictions in New Mexico. Defendant was sentenced to serve two concurrent terms of not less than 25, nor more than 50, years at the Colorado State Penitentiary. This appeal followed.

I.

Defendant's first contention is that attempted first degree felony murder is a nonexistent offense in Colorado and that, even if such a crime exists, there was neither explanation by the trial court, nor understanding by the defendant, of the elements of the attempted first degree murder charge. Additionally, defendant con-

tends that the trial court did not comply with Crim.P. 11 in taking his plea to the second degree burglary charge. On these two grounds, defendant argues that his pleas to those charges were not "intelligently" made. We do not agree.

### A.

Defendant's first argument is that the crime of attempted felony murder is a logical and legal impossibility and that, therefore, his guilty plea to such a charge should be vacated. Specifically, defendant argues that criminal attempt is a specific intent crime; that felony murder is not; and that, therefore, a conviction for attempted felony murder would require proof of the "illogical" proposition that the defendant attempted with specific intent to commit an "unintentional" killing.

Defendant's argument here is analogous to the argument posited by the defendant in *People v. Burgan*, 27 Mich.App. 216, 183 N.W.2d 413 (1970). In *Burgan*, the defendant was charged with the crime of assault with intent to commit rape; however, he waived his right to trial by jury and pled guilty to attempted assault with intent to commit rape. His plea was accepted and he was sentenced to four to five years in the state penitentiary.

On appeal, Burgan argued that his plea must be set aside and the judgment of conviction entered thereon reversed because, under Michigan law, "there is no such crime as 'attempted assault with intent to commit rape.'" The Michigan Court of Appeals nevertheless affirmed defendant's conviction, holding that:

> "[I]n guilty plea cases, the attempt statute is applicable to the crime of assault with intent to commit rape. This Court will not analyze the application of the attempt statute to each and every crime .... The defendant pled guilty to a crime less than the one with which he was charged. He will not now be heard to claim that he was harmed."

Five years later, the same division of the Michigan Court of Appeals held:

> "A guilty plea to an attempt charge entered as a part of a plea bargain may be accepted even though a jury conviction on the same charge might have to be reversed." *People v. Genes*, 58 Mich. App. 108, 227 N.W.2d 241 (1975).

Here, just as in *Burgan, supra*, the defendant pled guilty to a non-existent criminal offense. "He induced the proceeding of which he now complains. He made no objection or complaint ... to show why judgment should not be pronounced against him, and judgment was thereafter pronounced. As a result, the range of sentence which the court could impose was cut [substantially] ...." *People v. Foster*, 19 N.Y.2d 150, 225 N.E.2d 200, 278 N.Y.S.2d 603 (1967).

Hence, we reach the same result here as the court did in *Burgan, supra*. For, in the words of the New York Supreme Court:

> "[A] defendant may plead to a crime which does not even exist and the plea is valid (*People v. Griffin*, 7 N.Y.2d 511, 199 N.Y.S.2d 674, 166 N.E.2d 684 (1960)). Such a hypothetical crime has no elements, yet their absence does not affect the plea." *People v. Castro*, 44 A.D.2d 808, 356 N.Y.S.2d 49 (1974), *affirmed*, 37 N.Y.2d 818, 339 N.E.2d 620, 376 N.Y.S.2d 922 (1975).

■ Accordingly, although we agree that a defendant could not be *convicted after trial* of the impossible offense of attempted felony murder, we note that, under his plea agreement, defendant received a substantial benefit by pleading guilty to the charges of attempted first degree murder and second degree burglary, and we conclude that, as in *People v. Bernard*, 656 P.2d 695 (Colo.1983), denial of post-conviction relief was proper.

In *Bernard*, the Supreme Court noted the significant benefits flowing to defendant from the plea bargain, and ruled that his request for relief therefrom "rings hollow" because "[i]f he ever had a serious objection to the ... plea, this fact should have been made known long before he used the plea as a tool for avoiding a more

serious conviction." On that basis, the court concluded: "[I]t would be the height of sophistry to vacate the defendant's plea of guilty." *People v. Bernard, supra.*

Similarly, here, defendant's guilty plea significantly benefited him by relieving him from facing charges of burglary, aggravated robbery, carrying a concealed weapon, and four habitual criminal counts. Thus, by pleading guilty, defendant avoided the possibility of facing several additional life sentences. Hence, to allow defendant here to benefit from the plea bargain, while yet allowing him to avoid the relatively meager cost of the deal would be tantamount to our engaging in the very sophistry condemned by our Supreme Court in *Bernard, supra.*

■ Obviously, the "hypothetical crime" of attempted felony murder has only hypothetical elements. Hence, a coherent advisement of the elements of that hypothetical offense would have been impossible and it was sufficient here that the defendant was advised of, and agreed to, a specific range of penalties he faced by pleading guilty to such a charge.

### B.

Defendant also contends that the trial court failed in two respects to comply with the mandatory requirements of Crim.P. 11 in taking his plea to the charge of second degree burglary. Specifically, defendant argues that: (1) "The element of specific intent was not defined prior to the entry of this plea," and (2) the underlying crime of theft was not explained to him. However, the record does not support these assertions by defendant.

■ Here, the record reveals that the trial court's explanation of the charge of second degree burglary, including its references to the elements of specific intent and theft, was more than sufficient to give defendant an adequate understanding of the nature and elements of that crime such that he could "intelligently" plead to the charge. In particular, prior to taking defendant's guilty plea, the court advised defendant as follows:

"[I]t's charged that on the 11th day of February, 1977, at the City and County of Denver, State of Colorado, Jimmy Lee Waits, did unlawfully, feloniously and knowingly break an entrance into and enter and remain unlawfully in the dwelling of Leonard Weiner ... with the intent to commit therein the crime of theft
...."

...."

"Now, second degree burglary, Mr. Waits, is—the elements are as follows: "That knowingly breaking and entering into or entering or remaining unlawfully in a dwelling or building or occupied structure, other than a dwelling, *with the specific intent* to commit the crime or crimes against person or property, a crime other than trespass.

....

"Now, the Court—the District Attorney, if this matter went to trial, would have to prove, first of all, that on the 11th day of February—he would have to prove the date and place. That the offense occurred in the City and County of Denver. That you did unlawfully, which means against the law, feloniously, which also means it was against the law, and knowingly, which means that you knew what you were doing, and that you deliberately did it, break an entrance, which means that you didn't have the right to break into and enter and remain unlawfully in the dwelling of Leonard Weiner ... with the intent therein to commit the crime of theft, and this means that you did not have the consent of Mr. Weiner to be at that place, and that you went in there with the intent to commit that kind of a crime. Either stealing something against the peace and dignity of the State of Colorado." (emphasis added)

■ In addition, inasmuch as the defendant admitted, in his Crim.P. 35(c) hearing, to having pled . guilty to two burglary charges in 1964 and 1965, his claim that,

despite these prior guilty pleas to burglary and the extensive advisement given by the court, he remained blissfully unaware of the elements of burglary is a claim which fails to echo the "ring of truth." *See People v. Hutton*, 183 Colo. 388, 517 P.2d 392 (1973). Hence, we hold that no due process violation occurred relative to the taking of defendant's guilty plea to the two charges of attempted first degree murder and second degree burglary.

## II.

Defendant's second contention is that his guilty pleas should be vacated because his counsel provided incompetent and ineffective assistance during the plea bargaining phase of the criminal proceedings against him. In particular, the defendant argues that his lawyer: (1) misapprehended the Colorado law on habitual criminals in that she advised the defendant that if he were found guilty in the cases pending against him, those convictions could be used as a basis for filing habitual criminal charges; (2) failed to inform him of the nature and elements of the offenses to which he pled guilty; and (3) failed to discuss with him the defenses of insanity, intoxication, involuntary intoxication, or impaired mental condition. We disagree with defendant's contention because we perceive the conduct and advice of defendant's attorney to have been within the "range of competence demanded of attorneys in criminal cases." *People v. Blalock*, 197 Colo. 320, 592 P.2d 406 (1979); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

■ With respect to defendant's first argument, without expressing any opinion as to the correctness of the legal advice of defendant's attorney, we hold that, in view of our Supreme Court's ruling in *Gimmy v. People*, 645 P.2d 262 (Colo.1982) and the uncontested fact that all but one of the criminal charges filed against defendant arose from separate incidents on different dates, defense counsel's advice that these pending charges, if they resulted in convictions, could be used to sentence defendant

as an habitual criminal was advice well within the "competence demanded of attorneys in criminal cases."

■ With regard to defendant's second argument, as we previously stated, the record establishes that the defendant was adequately apprised by the trial court of the nature and elements of the crimes to which he pled guilty. Hence, even if defense counsel had failed to inform defendant of the charges against him, defendant could not have been prejudiced thereby because the charges were adequately explained to him, albeit by the trial court, and defendant affirmed his understanding of those charges before the court accepted his guilty pleas. *People v. Hall*, 697 P.2d 746 (1984); *see also People v. Steelman*, 200 Colo. 177, 613 P.2d 334 (1980).

■ Defendant's third argument is without merit for three reasons. First, there is no evidence in the record that defendant was suffering from any psychological infirmity at the time of the commission of the offenses. Second, at his Crim.P. 35(c) hearing, defendant denied suffering from any diminishment of his mental capacity at the time of the offenses. Third, the record strongly suggests that the reason defense counsel refused to discuss the above affirmative defenses with defendant upon his inquiry is that she rejected them as inapplicable to defendant's cases, characterizing such affirmative defenses as, in defendant's words, "a waste of time." Given these facts, we cannot say that the conduct and advice of defendant's counsel fell below the threshold of competency required to pass constitutional muster. *See People v. Blalock, supra.*

## III.

■ Defendant's final argument is that his guilty pleas were not intelligently, voluntarily, or knowingly entered into because they were based on an "admittedly erroneous ruling of the [Colorado] Supreme Court." Once again, we disagree.

As noted above, in *People v. Waits, supra,* our Supreme Court reversed the trial court's suppression of certain evidence against defendant and remanded the burglary case for further proceedings, whereupon the defendant pled guilty to the two charges which are the subject of this appeal.

In 1983, our Supreme Court decided the case of *People v. Thomas,* 660 P.2d 1272 (Colo.1983), in which the court upheld the trial court's suppression of six colored balloons containing cocaine seized during a police chase of defendant. After concluding that the defendant's furtive and evasive gestures were insufficient to justify the chase, stop, and subsequent search of defendant, the Court stated:

"We realize that the facts present here are not substantially dissimilar to those in *People v. Waits,* 196 Colo. 35, 580 P.2d 391 (1978).... We therefore expressly overrule our holding in *Waits* that action which does not amount to illegal conduct but is taken simply to avoid police contact is sufficient to support an investigative stop." *People v. Thomas, supra.*

In response to the above Supreme Court ruling, defendant herein filed a motion for limited remand to the trial court to consider the effect of *Thomas* on his Crim.P. 35(c) motion and that motion for remand was granted. The trial court denied defendant's Crim.P. 35(c) motion and ruled that "suppression issues become moot upon entry of a guilty plea." We agree with the trial court's analysis.

Defendant relies principally on the California case of *People v. Miller,* 33 Cal.3d 545, 189 Cal.Rptr. 519, 658 P.2d 1320 (1983) in contending that defendant should be allowed to withdraw his plea. Miller was charged with 22 crimes; however, after filing an unsuccessful motion for suppression of evidence in one of the burglary cases, he pled guilty to six burglaries and the remainder of the charges were dismissed. Miller then appealed the suppression ruling and won. The issue before the California Supreme Court was whether Miller should be allowed to withdraw all six guilty pleas or only the one burglary involving the suppression motion.

The *Miller* court ruled that all six pleas must be set aside. In so ruling, the court stated:

"[T]he ... assumption that the trial court's error had 'no effect' on the defendant's decision to plead guilty to the unrelated count ignores the fact that the guilty plea was entered as a part of an agreement involving all of the counts of the information.... [T]he defendant's decision to agree to that particular bargain may well have been affected by the cumulative strength of the prosecution's evidence on all the charges." *People v. Miller, supra.*

As both the defendant and the trial court here have pointed out, California has an unusual provision in its penal code which permits an accused who has pled guilty to appeal the trial court's denial of his suppression motion. *See* Cal. Penal Code § 1538.5(m). Hence, a defendant in California does not waive his right to a legal determination of the suppression issues upon entry of a plea of guilty.

However, in contrast to California criminal procedure, Colorado has no statutory provision for the appeal of suppression rulings after a plea of guilty is entered. Defendant readily concedes this point in his brief. Hence, unlike California, Colorado has no statute which specifically bars a defendant, upon entry of his guilty plea, from waiving his right to appeal all legal issues—including suppression issues—involved in the charges to which he pled guilty.

Indeed, the California Supreme Court itself has conceded that a criminal defendant who has pled guilty has no right to contest any legal issues, except jurisdiction, where no statute provides for such a right. Rather, referring to an earlier decision by the California Supreme Court, Justice Richardson wrote in his dissent to *Miller, supra:*

"Defendant's right to appellate review of the convictions entered upon his pleas of guilty is necessarily based upon subdivision (m) of section 1538.5 of the Penal

Code. As we recently acknowledged, 'Subdivision (m) constitutes an exception to the rule that all errors arising prior to the entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings....' (*People v. Lilienthal* (1978) 22 Cal.3d 891, 897, 150 Cal.Rptr. 910, 587 P.2d 706; see Pen.Code § 1237.5.)"

Therefore, the ruling in *Miller, supra,* is inapposite here.

Our own state's highest court held in *Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967) that:

"[T]he question of the validity of the search for and seizure of the contraband goods became moot upon the entry of the plea of guilty.... The defendant forfeited his right to trial by pleading guilty. The only purpose that could be served by suppressing the evidence which was seized by the police would be to prevent its use by the prosecution at the trial.... The prosecution's need for the evidence, after the guilty plea, ceased to exist, hence the question of the validity of the evidence was not properly before the court...."

Similarly, our Supreme Court held in *Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003 (1967) that:

"[O]ne who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure."

Here, defendant makes no claim that the trial court failed to advise him that he was waiving his right to trial by jury on all issues. Indeed, defendant was informed of this fact numerous times. Defendant also does not contend that he was mentally incapable of comprehending this advisement. Therefore, in view of the inapplicability of *People v. Miller, supra,* defendant presents no colorable claim that he did not intelligently, voluntarily, or knowingly enter into his guilty pleas. To the contrary, upon entering those guilty pleas, defendant forfeited his right to trial; the prosecution's need for the evidence after the guilty plea ceased to exist; and our Supreme Court's misgivings as expressed in *Thomas, supra,* concerning its reversal of the trial court's suppression of evidence on one of the burglary charges is irrelevant to the validity of defendant's pleas.

Defendant argues that *Lucero v. People, supra,* is inapposite here because, in *Lucero,* defendant asserted no meritorious defense against the crime charged in any pleading, brief, or testimony. Although the court in *Lucero* noted that such an assertion is a prerequisite to a motion to withdraw a plea of guilty, a careful reading of *Lucero* reveals that this observation is not necessarily essential to a determination of the mootness question. Hence, there are no relevant factual distinctions between *Lucero* and the case before us.

Accordingly, the trial court order denying defendant's Crim.P. 35(c) motion for post-conviction relief is affirmed.

SMITH and VAN CISE, JJ., concur.