Scileppi, J.
Defendant was charged with manslaughter in the first degree (Penal Law, § 1050) for the killing of one Thomas Hicks. Defendant was permitted to withdraw -his original plea of not guilty and plead guilty to attempted manslaughter in the second degree.
On this appeal, defendant’s principal argument is that he pleaded guilty to a nonexistent crime; therefore, his plea of guilty to such a charge, i.e., attempted manslaughter in the second degree, is a nullity, and that the judgment of conviction has no basis in law and violates due process.
Defendant also argues that his plea of guilty is invalid because the defendant, the attorneys, and the court manifestly misunderstood the nature of the crime pleaded to, and that the court accepted the plea before giving defendant the monition required by section 335-b of the Code of Criminal Procedure.
Sections 1050 and 1052 of the Penal Law provide that the crimes of manslaughter in the first degree and in the second degree respectively are homicides committed ‘ ‘ without a design to effect death ”.
Section 2 of the Penal Law defines an attempt to commit crime as ‘ ‘ An act, done with intent to commit a crime, and tending but failing to effect its commission ”.
Defendant argues that, since no intent is required in the crime of manslaughter and since an attempt to commit a crime requires an intent to commit the crime, a plea of guilty to attempted manslaughter is logically and legally impossible. The defendant relies upon People v. Brown (21 A D 2d 738) in support of his position. In Brown the defendant was convicted, pursuant to a jury verdict, of the crime of attempted manslaughter, having-been indicted for attempted murder in the first degree. The Appellate Division modified, holding: ‘1 An attempt to commit a crime consists of (1) the intent to commit the crime; (2) the performance of an act toward the commission and (3) failure to consummate. There must be an intent to commit a specific crime in order to constitute an attempt (People v. Moran, 123 *153 N. Y. 254, 257 * * *). An attempt to commit manslaughter is apparently a contradiction because the specific crime of manslaughter involves no intent and accordingly, an intention to commit a crime whose distinguishing element is lack of intent is logically repugnant.” (21 A D 2d 738, 739.) There is no doubt that the above case would be dispositive of this appeal if we were faced with an appeal from a jury verdict.
In our case, however, the charge in the indictment is manslaughter in the first degree and a plea was taken to attempted manslaughter in the second degree as a lesser included crime. This presents an entirely different situation. The alleged infirmity of the plea to attempted manslaughter in the second degree in this case arises from the definition of what constitutes an “ attempt ” under section 2 of the Penal Law. The question on this appeal is whether this definition which includes an ‘1 intent to commit a crime ’ ’ renders the plea taken by defendant inoperative, illogical or repugnant and, therefore, invalid. We hold that it does not when a defendant knowingly accepts a plea to attempted manslaughter as was done in this case in satisfaction of an indictment charging a crime carrying a heavier penalty. In such case, there is no violation of defendant’s right to due process. The defendant declined to risk his chances with a jury. He induced the proceeding of which he now complains. He made no objection or complaint when asked in the presence of his counsel whether he had any legal cause to show why judgment should not be pronounced against him, and judgment was thereafter pronounced. As a result, the range of sentence which the court could impose was cut in half—a substantial benefit to defendant.
In People v. Legacy (4 A D 2d 453 [3d Dept., 1957]) the defendant was erroneously convicted of robbery in the third degree after a trial of an indictment charging him with robbery in the first degree. The court held that, while the submission of a charge of robbery, third degree, to the jury was error, nevertheless the conviction should be affirmed. Judge Bergait, then of that court, said: “ If a defendant is to rely on this technically correct legal argument, however, he ought to make his reliance clear on the trial. The alternative given to a jury of finding the accused guilty of a lesser degree of crime may often be beneficial to him, since it permits a jury to exercise *154 without explanation a technically incorrect measure of mercy if conviction in the lower degree is not consistent with the proof. * * * He ought not to be allowed to take the benefit of the favorable charge and complain about it on appeal.” (4 A D 2d 453, 455.)
In People v. Griffin (7 N Y 2d 511), Judge Yaw Yoobhis addressed himself to the question of accepting pleas in criminal cases, saying: ‘‘ Moreover, the practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situation may be based upon no objective state of facts. It is often- a hypothetical crime, and the procedure — authorized by statute—is justified for the reason that it is in substitution for a charge of crime of a more serious nature which has been changed but perhaps cannot be proved * * * his plea may relate to a hypothetical situation without objective basis ” (p. 516; emphasis added).
We agree with this reasoning in dealing with acceptance of guilty pleas. While there may be question whether a plea to attempted manslaughter is technically and logically consistent, such a plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant’s benefit.
We have considered defendant’s other contentions and find them without merit.
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Fuld and Judges Yaw Yoobhis, Burke, Bebgaw and Keatiwg concur; Judge Breitel taking no part.
Judgment affirmed.