OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s contention that the questioning by the police was conducted while the defendant was being held on less than probable cause (Dunaway v New York, 442 US 200) has not been preserved for appellate review. The record does not support his contention that this was properly raised to the suppression court. Nor does it indicate that he ever sought to subsequently raise it at trial. (CPL 60.45.)
Prior to a second trial on the felony murder indictment, which was necessitated by the first jury’s inability to reach a verdict on this charge, the defendant chose to plead guilty to manslaughter in the first degree. (Penal Law, § 125.20.) The court sentenced him to consecutive terms on the basis of his conviction for burglary and his plea to manslaughter. Defendant argues that consecutive sentences for these two crimes are illegal because subdivision 2 of section 70.25 of the Penal Law requires concurrent sentences where two or more offenses are “committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other”.
The core of defendant’s argument is that the commission of the burglary in this case is a material element of the crime of felony murder. While this might present a valid concern for this court were we considering the validity of the sentences after a jury verdict convicting defendant of felony murder, that is not the situation in this case. Rather, we are asked to decide that concurrent sentences are mandated when the defendant is convicted of burglary and pleads guilty to manslaughter in satisfaction of the felony murder indictment. Although the burglary would be a material element of the felony murder plea or conviction, it is not a material element of the manslaughter plea.
We cannot accept defendant’s contention that we must evaluate the validity of the sentences as if he had pleaded *1038 guilty to felony murder rather than manslaughter. Defendant bargained for the benefits he thought would flow from pleading guilty to manslaughter, a crime which mandates a lesser sentence than felony murder. He cannot now seek to benefit from the statutory protection he arguably would have received pursuant to subdivision 2 of section 70.25 of the Penal Law if he had risked conviction or entered a plea on the felony murder charge.
Furthermore, this bargained plea “makes unnecessary a factual basis for the particular crime.” (People v Clairborne, 29 NY2d 950, 951.) Such a plea is not rendered invalid because it was entered to a crime which might be theoretically inconsistent with the crime charged. “While there may be question whether a plea to attempted manslaughter is technically and logically consistent, such a plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant’s benefit.” (People v Foster, 19 NY2d 150, 154.)
We have considered defendant’s other contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.