OPINION OF THE COURT

Per Curiam.

Any error by the trial court in considering or submitting to the jury a lesser crime arising out of the same criminal transaction as an indicted crime, that is not in fact a lesser included offense, is waived unless defendant makes timely objection.
The relevant facts in each case are not in dispute. Defendant Raymond Ford was indicted for robbery in the first and second degrees (Penal Law, §§ 160.10, 160.15). After the close of evidence in his bench trial, the court announced that it would consider grand larceny in the third degree (Penal Law, § 155.30) as a lesser included offense, and neither defendant nor the People objected. The court found Ford guilty of grand larceny in the third degree. The Appellate Division reversed the conviction and dismissed the indictment, concluding that grand larceny in the third degree was not a lesser included offense of the indicted crimes and that, the defect being one of subject matter jurisdiction, defendant did not waive his right to complain of that error.
Defendant Gordon Simpson was indicted for manslaughter in the second degree (Penal Law, § 125.15). At his nonjury trial, the People requested that assault in the second degree (Penal Law, § 120.05) also be considered by the court as a lesser included offense, and defendant did not object. The court found Simpson guilty of assault in the second degree, and the Appellate Division affirmed his conviction.
*280 Defendant James Williams was indicted for robbery in the second degree (Penal Law, § 160.10). At trial, Williams requested that the court also submit to the jury as lesser included offenses the crimes of assault in the third degree (Penal Law, § 120.00) and grand larceny in the third degree (Penal Law, § 155.30), and the court did so. The jury found Williams guilty of assault in the third degree, and his conviction was affirmed by the Appellate Division.
In each of these appeals, the People concede that the offense of which the defendant was convicted was neither one for which he was indicted nor a lesser included offense meeting the criteria set forth in People v Glover (57 NY2d 61), but argue that the defendant, by pursuing the strategic tactic of acquiescing in, or even affirmatively requesting, the lesser charge, waived his right to complain of the trial court’s error. Defendants each contend that the error was a violation of his rights under section 6 of article I of the New York Constitution, and constituted a nonwaivable jurisdictional defect.
Section 6 of article I of the New York Constitution provides in pertinent part that “[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury”. In addition to crimes for which a defendant has been indicted, a court has authority to consider or submit to the jury lesser included offenses. (People v Henderson, 41 NY2d 233, 235.) The court’s authority to do so is set forth in CPL 300.50 (subd 1) (made applicable to bench trials by CPL 320.20, subd 4): “In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense. Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate.” “Lesser included offense” is in turn defined by CPL 1.20 (subd 37) as follows: “When it is impossible to *281 commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘lesser included offense.’ In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.”
Accordingly, for a crime to be submitted or considered as a lesser included offense of a crime for which a defendant has been indicted, it must be theoretically impossible to commit the greater crime without at the same time, by the same conduct, committing the lesser, and the evidence must be sufficient to support a finding that the defendant committed the lesser but not the greater crime. (People v Glover, supra.) If there is any error in the submission or consideration of lesser included offenses — including specifically the failure of the crime to meet the “theoretical impossibility” test of Glover — CPL 300.50 (subd 1) provides that it is waived by the defendant unless timely objection is made.*
The Supreme Court, where each of the actions was tried, had both personal and subject matter jurisdiction. Section 7 of article VI of the New York Constitution grants that court general jurisdiction — indeed exclusive jurisdiction — of crimes prosecuted by indictment in the City of New York. The crimes of which the defendants were convicted fall within that category.
While it is true that, under section 6 of article I of the New York Constitution, a “valid and sufficient accusatory *282 instrument is a non waivable jurisdictional prerequisite to a criminal prosecution” (People v Harper, 37 NY2d 96, 99), and “[u]ntil the grand jury shall act, no court can acquire jurisdiction to try” (People ex rel. Battista v Christian, 249 NY 314, 319), in each action before us the Grand Jury returned a valid indictment sufficient to require the defendant to proceed to trial with respect to an identified criminal transaction out of which his subsequent conviction arose. These are not cases where the trial court lacked subject matter jurisdiction because no indictment was returned (see Matter of Simonson v Cohn, 27 NY2d 1, 4; People ex rel. Battista v Christian, 249 NY 314, supra), or the indictment or information was inherently defective in that it failed to allege the elements of the crime charged (see People v Scott, 3 NY2d 148,152-153; People v McGuire, 5 NY2d 523, 526), or the trial court had no jurisdiction under article VI of the Constitution to try the offenses of which defendant was convicted (see People v Nicometi, 12 NY2d 428; People v Johnson, 20 NY2d 220).
The prohibition of section 6 of article I of the Constitution that “[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury” is not a limitation directed to the courts, but rather to the State, and its function is to prevent prosecuto-rial excess by ensuring that “before an individual may be publicly accused of crime and put to the onerous task of defending himself from such accusations, the State must convince a Grand Jury composed of the accused’s peers that there exists sufficient evidence and legal reason to believe the accused guilty.” (People v Iannone, 45 NY2d 589, 594.) That function was fulfilled here, as the People’s case against each defendant with respect to a particular transaction was presented to a Grand Jury and indictments were returned against all three.
Here, defendants were indicted and brought to trial in a court that had jurisdiction over offenses of which the defendants were accused. That court in turn had authority, pursuant to CPL 300.50, to consider or submit to the jury any lesser included offenses of the indicted crimes which could be supported by a reasonable view of the evidence. (People v Henderson, 41 NY2d 233, supra.) An error by the *283 trial court in submitting or considering a lesser crime arising out of the same transaction that is not a lesser included offense does not affect that court’s competence to entertain the action or to convict of that crime, but only its authority to enter a judgment on the merits against defendant on that specific charge in particular facts of that case. Such an error is not jurisdictional (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166; Lacks v Lacks, 41 NY2d 71, 75; Nuernberger v State of New York, 41 NY2d 111, 115-116), and, pursuant to CPL 300.50, may be waived if timely objection is not made. We have in the past held that such a defect, where not objected to, did not require vacatur of conviction in a habeas corpus proceeding (People ex rel. Wachowicz v Martin, 293 NY 361; People ex rel. Tanner v Vincent, 44 AD2d 170, affd 36 NY2d 773), or — under a predecessor to CPL 300.50 — reversal on direct appeal (People v Stevenson, 31 NY2d 108, 109, n 1). Similarly, we have upheld a plea to a nonexistent crime in satisfaction of an indictment charging a crime carrying a heavier penalty, defendant having “induced the proceeding of which he now complains” by a failure to object. (People v Foster, 19 NY2d 150, 153; see, also, People v Adams, 57 NY2d 1035, 1038.)
While the Legislature has defined the scope of lesser included offenses (CPL 1.20, subd 37) and has provided that only such lesser included offenses may be considered or submitted to the jury along with indicted offenses (CPL 300.50, subd 1), it has also made provision for defendants to be convicted of lesser crimes that do not fall within the definition of lesser included offenses, either by plea (CPL 220.10, 220.20) or by a submission or consideration made without objection (CPL 300.50, subd 1). There is no jurisdictional or constitutional infirmity in that scheme.
In each instance, the defendant by acquiescing in or affirmatively requesting a lesser charge waived his right to complain of the trial court’s error. The additional objections raised by defendant Ford were not preserved. Accordingly, in People v Simpson and People v Williams the orders of the Appellate Division should be affirmed. In People v Ford, the order of the Appellate Division should be reversed, the indictment reinstated, and the case remitted to *284 that court for determination of the facts. (CPL 470.25, subd 2, par [d]; 470.40, subd 2, par [b].)
Chief Judge Cooke (concurring). I respectfully concur. While I agree with the majority’s interpretation of CPL 300.50 (subd 1), I cannot join in the discussion regarding People ex rel. Gray v Tekben (57 NY2d 651, affg 86 AD2d 176). That case squarely presented the question that is decided in these appeals (see 86 AD2d, at pp 179-180). Given the jurisdictional nature of the issue, it was incumbent upon this court in Gray to consider and decide whether the legal question had been preserved for review; this court’s decision on the merits effectively determined that the matter was properly before it. Consequently, today’s decision should be viewed as overruling Gray, which I believe is appropriate.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in Per Curiam opinion; Chief Judge Cooke concurs in a concurring memorandum.
In People v Ford: Order reversed, indictment reinstated and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
In People v Simpson: Order affirmed.
In People v Williams: Order affirmed.

 Though widely read to require a different result, our decision in People ex rel. Gray v Tekben (57 NY2d 651) did not reach the issue. In Gray, the Appellate Division sustained a writ of habeas corpus to the relator, who was indicted and acquitted of assault in the second degree but committed to a mental institution based on a conviction of assault in the third degree, which had been considered a lesser included offense (86 AD2d 176). In so doing, the court found that the crime could not be a lesser included offense under the “theoretical impossibility” test of CPL 1.20 (subd 37), and that relator, who did not object to the consideration at trial, had not waived his right to do so under CPL 300.50 (subd 1), because that waiver provision applied only to errors in considering offenses not supported by sufficient evidence at trial. On appeal the custodian argued that relator’s detention was lawful because the crime was in fact a lesser included offense under the CPL 1.20 test. We rejected that argument and affirmed. This court, in affirming that the lesser offense was not included in the greater, neither considered nor decided the waiver issue addressed by the Appellate Division, and our decision in Gray should not be so read. To the extent that the Appellate Division’s determination of the waiver issue in that case is inconsistent with our holding today, it should not be followed.