OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by vacating defendant’s plea to the offense of criminal sale of a controlled substance in the third degree and the case remitted to Supreme Court for further proceedings on indictment No. 2545/91 and, as so modified, affirmed.
 

 After being convicted of two counts of attempted aggravated assault and other crimes under one indictment, defendant pleaded guilty to criminal
 
 sale
 
 of a controlled substance in the third degree, in complete satisfaction of two counts of criminal
 
 possession
 
 of a controlled substance in the third and fifth degrees charged in a second completely unrelated indictment.
 

 The Appellate Division unanimously affirmed defendant’s conviction under the first indictment. That Court also affirmed
 
 *907
 
 his conviction under the second indictment, with two Justices dissenting on the basis that the trial court lacked jurisdiction to accept his guilty plea to an offense not charged in the second indictment and which was not a lesser included offense or an offense of lesser degree or grade than the charged counts contained therein (217 AD2d 133). A Justice of the Appellate Division granted defendant leave to appeal.
 

 The plea colloquy leading to defendant’s conviction for criminal sale of a controlled substance did not disclose any apparent factual relationship between the criminal sale plea and the criminal possession counts charged in the second indictment, other than the common date of the offenses and that the substance in all offenses was cocaine.
 

 The provisions of CPL article 220 govern the acceptance of guilty pleas under indictments and, in some respects, are jurisdictional in nature because of constitutional implications
 
 (see, NY
 
 Const, art I, § 6). Section 220.10 provides that "[t]he
 
 only kinds of pleas
 
 which may be entered to an indictment are those specified in this section” (CPL 220.10 [emphasis supplied]). Except in circumstances not relevant here, where the indictment charges two or more offenses in separate counts, a defendant may enter a plea of guilty to one or more of the offenses charged and/or lesser included offenses thereof (CPL 220.10 [4]).
 

 For plea purposes only, lesser included offenses include not only those qualifying as such under the general statutory definition of lesser included crimes (CPL 1.20 [37]), but also the specifically enumerated extensions of the lesser included offense concept, set forth in CPL 220.20 (1) (a)-(k). In this respect, the Criminal Procedure Law has imposed stricter criteria on plea bargains for lesser offenses, than its predecessor statute
 
 (see,
 
 former Code of Crim Pro § 342-a;
 
 People v O’Connor,
 
 14 NY2d 62;
 
 People v Griffin,
 
 7 NY2d 511).
 

 Criminal sale of a controlled substance in the third degree is not a lesser included offense of criminal possession under the general definition
 
 (see,
 
 CPL 1.20 [37]), and it is omitted from the classes of crimes deemed to be lesser included offenses of criminal possession for plea purposes
 
 (see,
 
 CPL 220.20 [1] [i]). Thus, defendant’s plea conflicted with the express plea constraints set forth in CPL 220.10.
 

 We have sanctioned two narrow exceptions to the present statutory guilty plea restrictions of CPL article 220, in reliance upon precedent decided under the former Code of Criminal Procedure. Following
 
 People v Foster
 
 (19 NY2d 150), we have
 
 *908
 
 approved of a plea to the technically nonexistent crime of an attempt to commit a specific crime which, by definition, is committed without intent, but which otherwise would have been a lesser included offense as an attempt under the general definition of CPL 1.20 (37)
 
 (see, People v Martinez,
 
 81 NY2d 810 [plea to attempted manslaughter in the first degree]). Also following
 
 People v Foster (supra),
 
 we have approved of a plea to a lesser crime technically inconsistent with the crime charged, albeit sharing common elements and involving the same victim
 
 (see, People v Adams,
 
 57 NY2d 1035, 1038 [plea to manslaughter, first degree, in satisfaction of a felony murder count involving the same victim, following the defendant’s conviction for the underlying felony]). These narrow exceptions are not out of harmony with the statutory rationale limiting guilty pleas to actual lesser included offenses, or to crimes akin to such lesser included offenses. They should not be extended, as would be so in the instant case, to a plea to a crime not only of equal or higher grade or degree to the crimes charged, but a plea to a crime of which the crimes
 
 charged
 
 are statutory lesser included offenses for plea purposes
 
 (see,
 
 CPL 220.20 [1] [h]), in direct contradistinction to the procedural rationale of CPL article 220. A different result would undermine the legislative policy of article 220 to place limitations on plea bargains deviating from the crimes charged.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.