OPINION OF THE COURT
David Friedman, J.
Defendant was indicted, inter alia, for the crime of robbery in the first degree as defined in Penal Law § 160.15 (3). The prosecutor offered to accept a plea of guilty to attempted rob *876 bery in the second degree in full satisfaction of the indictment. Although attempted robbery in the second degree was not a lesser included offense of robbery in the first degree as charged in the indictment (see, People v Glover, 57 NY2d 61; People v McFadden, 100 AD2d 520), and was not an indicted offense, the court permitted defendant to avail himself of the prosecutor’s plea offer. The issue that emerged from the prosecutor’s plea offer was whether the court had jurisdiction to accept the plea in light of the Court of Appeals recent decision in People v Johnson (89 NY2d 905).
In Johnson (supra) the defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of an indictment charging him with two counts of criminal possession of a controlled substance in the third and fifth degrees. Because there was no factual relationship between the plea and the indicted offenses, the Court reversed defendant’s conviction concluding that the lower court lacked jurisdiction to accept the plea.
In so holding, the Court pointed out that pursuant to CPL 220.10 a defendant may plead guilty only to one or more of the offenses charged in an indictment or a lesser included offense of those charges. For plea purposes lesser included offenses include not only actual lesser included offenses (CPL 1.20 [37]) but also crimes which fall under the umbrella of the specifically enumerated extensions of the lesser included offense concept as set forth in CPL 220.20 (1) (a)-(k). Since criminal sale of a controlled substance was not a lesser included offense of the criminal possession charges, but was in fact of equal or higher degree than the indicted crimes, Johnson (supra) concluded that the plea violated the express plea constraints of CPL article 220.
Johnson (supra) would thus seem to preclude a plea to any crime which is not within the embrace of CPL 1.20 (37) or 220.20 (1) (a)-(k). This, of course, would render the plea in the instant case defective since attempted robbery in the second degree is not a lesser included offense of the first degree robbery charged here (Penal Law § 160.15 [3]) under CPL 1.20 (37) or 220.20 (1) (a)-(k). In my view analysis of Johnson in conjunction with its antecedents shows that the plea in the instant case was permissible.
While Johnson (supra) speaks in broad language regarding the jurisdictional implications of the plea provisions contained in CPL article 220, it did not hold that all violations of the statutory scheme are jurisdictional in nature. In fact, the *877 Court’s opinion specifically reaffirmed the vitality of cases such as People v Adams (57 NY2d 1035) and People v Foster (19 NY2d 150). In Foster the Court found permissible a plea to a nonexistent crime in satisfaction of an indictment charging a crime with a heavier penalty. In the same vein Adams approved of a plea to a crime technically inconsistent with the crime charged, albeit sharing common elements and involving the same victim. In addition in discussing the exceptions to the plea constraints of CPL article 220, Johnson stated: "These narrow exceptions are not out of harmony with the statutory rationale limiting guilty pleas to actual lesser included offenses, or to crimes akin to such lesser included offenses. They should not be extended, as would be so in the instant case, to a plea to a crime not only of equal or higher grade or degree to the crimes charged, but a plea to a crime of which the crimes charged are statutory lesser included offenses for plea purposes” (People v Johnson, 89 NY2d 905, 908, supra [emphasis added]). Thus, Johnson itself indicates that it did not mean to adopt a hard and fast rule proscribing all pleas that do not fall within CPL 220.10.
Particularly instructive is People v Ford (62 NY2d 275). In Ford, defendants were convicted after trial of crimes which were neither charged in the indictment nor lesser included offenses of the indicted charges. Nevertheless, the convictions were upheld. The Court in discussing the matter was concerned with the prohibition of section 6 of article I of our State Constitution which states that " '[n]o person shall be held to answer for a capital offense or otherwise infamous crime * * * unless on indictment of a grand jury’ ” (People v Ford, supra, at 280). Ford, however, found no violation of this provision since the convictions arose out of the same transactions originally charged and those charges had been the subject of a Grand Jury indictment.
In fact that is the situation at bar with the plea to attempted robbery in the second degree. While it is true that Ford (supra) involved a conviction after trial rather than a plea, the reasoning is equally applicable in the context of a plea (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 220.20, at 94; see also, People v King, 175 AD2d 411, lv denied 78 NY2d 1078).* It should also be observed that although the focus of Johnson (supra) is on statutory interpreta *878 tion the underlying concern is rooted in the same constitutional issue discussed in Ford.
What ultimately becomes apparent is that Johnson (supra), when juxtaposed with Adams (supra), Foster (supra) and Ford (supra), permits a defendant to plead to a crime that is not strictly within the embrace of CPL 1.20 (37) or 220.20 (1) (a)-(k), so long as (1) the crime is not of an equal or higher grade than the crimes actually charged, and (2) there is a factual connection between the crimes charged and the crime to which defendant has pleaded guilty (cf., People v Crute, — AD2d —, 1997 NY Slip Op 00832 [1st Dept. Feb. 4, 1997]).
Viewed against this legal backdrop, the plea bargain here was jurisdictionally permissible since it complied with this two-prong standard. Not only is attempted robbery in the second degree of a lesser degree than the crime for which defendant was indicted, but it is factually related to the indicted crime in that it involves a robbery of the same victim at the same time and place. It follows that the plea agreement in this case is in "harmony with the statutory rationale limiting guilty pleas to actual lesser included offenses, or to crimes akin to such lesser included offenses” (People v Johnson, 89 NY2d 905, 908, supra). The court was thus authorized to accept defendant’s plea of guilty.

 In Johnson the dissenting Justices at the Appellate Division concluded that Ford (supra) was no longer operative (see, People v Johnson, 217 AD2d 133, 139). The dissent further concluded that even if Ford were still good *878 law, it only applied to a conviction after trial, and not to a plea. Significantly, the Court of Appeals did not adopt these aspects of the Appellate Division dissent by its reversal of the majority (see, People v Richardson, 88 NY2d 1049 [Court of Appeals reaffirms People v Ford, supra]).