■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY BETH HAHN, Appellant. [782 NYS2d 161]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 5, 2002, convicting defendant upon her plea of guilty of the crime of assault in the second degree.

In October 2002, defendant pleaded guilty to one count of assault in the second degree in satisfaction of a two-count indictment handed up in connection with a battery that defendant perpetrated upon her newborn daughter, which resulted in a fractured skull and other injuries. County Court thereafter sentenced defendant to a term of seven years in prison and defendant now appeals.

Defendant's sole contention on appeal is that County Court lacked the jurisdiction to accept her plea of guilty because assault in the second degree, as pleaded to by defendant, is not a lesser included charge of assault in the first degree, as was charged in the indictment. We disagree. As an initial matter, although County Court may have failed to comply with the applicable statutory scheme in accepting defendant's plea (*see* CPL 220.10), defendant's objection to such statutory noncompliance is forfeited by operation of the plea itself (*see People v*

*Keizer*, 100 NY2d 114, 119 [2003]; *cf. People v Ford*, 62 NY2d 275 [1984]). Moreover, for reasons more fully discussed below, we see no jurisdictional impediment, under the factual circumstances of this case, to County Court's acceptance of defendant's plea.

CPL 220.10 defines the types of pleas which a defendant may enter to an indictment and specifies, under circumstances present herein, that a defendant may plead guilty to "a lesser included offense with respect to any . . . of the offenses charged" in the indictment (CPL 220.10 [4] [b]). In turn, a "lesser included offense" is comprised of crimes statutorily defined as such (*see* CPL 1.20 [37]) and, with respect to pleas of guilty, the term also includes crimes deemed to be lesser included offenses pursuant to the rules enumerated in CPL 220.20 (1) (a)-(k). As was charged in count one of the instant indictment, Penal Law § 120.10 (3) provides that one is guilty of assault in the first degree when, "[u]nder circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person." Inasmuch as the crime pleaded to herein requires a level of intent not present in the crime charged (*compare* Penal Law § 120.10 [3], *with* Penal Law § 120.05 [8]), we concur with defendant that the crime pleaded to in this instance is neither a statutorily-defined lesser included offense nor is it one of the extensions of that concept as set forth in CPL 220.20 (*compare* CPL 220.20 [1] [a]).

However, we cannot agree that *People v Johnson* (89 NY2d 905 [1996]) requires vacatur of the plea. In *Johnson*, the Court of Appeals concluded that acceptance of the defendant's plea, in contravention of the plea constraints expressed in CPL 220.10, required vacatur of the plea in the absence of "any apparent factual relationship between the [pleaded crime] and the [charged crime]" (*id.* at 907). Nonetheless, the Court expressly sanctioned a plea of guilty to a "technically inconsistent" lesser crime so long as the pleaded-to crime (1) "shar[es] common elements and involv[es] the same victim" as the charged crime, and (2) is of a lesser grade than the crime charged (*id.* at 908, citing *People v Adams*, 57 NY2d 1035, 1038 [1982]; *see People v McCammon*, 171 Misc 2d 875 [1997]). Here, the pleaded-to crime is undisputedly of a lesser grade than the crime charged, unlike the crimes at issue in *People v Johnson* (*supra* at 906-907), and each crime involves the same victim and essentially the same factual circumstances. Accordingly, we conclude that County Court did not act in excess of its jurisdiction in accepting

defendant's plea (*see People v Pitts*, 305 AD2d 1097, 1097-1098 [2003]).

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.