■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS JAVIER, Appellant. [783 NYS2d 586]—

Judgment, Supreme Court, Bronx County (David Stadtmauer,

J.), rendered February 4, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 3 to 6 years, unanimously affirmed. Judgment, same court (William I. Mogulescu, J.), rendered April 11, 2002, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him, as a second felony offender, to a concurrent term of eight years, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

The prosecutor's summation did not deprive defendant of a fair trial. The challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). While the prosecutor made several inappropriate comments, we find the error to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v D'Alessandro*, 184 AD2d at 120).

Defendant's plea of guilty must be vacated because assault in the first degree was not charged in the indictment (which charged attempted murder in the second degree, attempted assault in the first degree, and assault in the second degree), was not a lesser included offense of any crime charged in the indictment, and did not otherwise constitute a permissible offense for purposes of a guilty plea (CPL 220.10 [4]; *People v Johnson*, 89 NY2d 905 [1996]). Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.