FIRST DEPARTMENT, JUNE, 2006

(June 6, 2006)**

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CASTILLO, Appellant. [816 NYS2d 66]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 28, 2002, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree and robbery in the first degree, and sentencing him to concurrent terms of 15 years to life and 15 years, respectively, unanimously modified, on the law, to the extent of vacating the robbery conviction and remanding that count of the indictment for further proceedings, and otherwise affirmed.

Although defendant was indicted for first-degree robbery

---

* Not published with other Fourth Department decisions of November, 2005.

** Not published with other First Department decisions of June, 2006.

under Penal Law § 160.15 (4), the record establishes that he pleaded guilty under Penal Law § 160.15 (2). This crime was not charged in the indictment, and it was not, for plea purposes, a lesser included offense of the charged crime (*see* CPL 220.20). The People concede that under this Court's decision in *People v Martinez* (285 AD2d 387 [2001]), defendant's plea was jurisdictionally defective and must be vacated.

Whether defendant's plea to first-degree robbery under Penal Law § 160.15 (2) entails a jurisdictional defect is an issue that merits review by the Court of Appeals. Neither *People v Johnson* (89 NY2d 905 [1996]) nor *People v Keizer* (100 NY2d 114 [2003]) require that conclusion. Here, unlike *Johnson,* the offense with which defendant was charged (first-degree robbery under Penal Law § 160.15 [4]) is not deemed by statute to be a lesser included offense of the offense to which defendant pleaded guilty (*Johnson*, 89 NY2d at 908). To be sure, in *Keizer*, the Court stated that in *Johnson* it had "concluded that a jurisdictional defect was implicated when the defendant pleaded guilty to charges equal to or higher than those for which he was indicted" (*Keizer*, 100 NY2d at 119). As the Court went on to state, however, "[a] prosecutor cannot bring an indictment or felony complaint and then attempt to avoid the protections of article I, § 6 by soliciting a plea to alleged criminal activity that has *no common element (in law or fact)* to the crimes alleged in the indictment or felony complaint" (*id.* [emphasis added]). Here, by contrast, the robbery offense to which defendant pleaded guilty has common elements, both in law and fact, with the robbery offense with which he was charged.

Finally, the conclusion that defendant's plea is jurisdictionally defective is at odds with the rationale of *People v Ford* (62 NY2d 275 [1984]), and with the Legislature's directive to appellate courts that they "must determine an appeal without regard to technical errors or defects which do not affect the substantial rights of the parties" (CPL 470.05 [1]). Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.