■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL WHITE, Appellant. [831 NYS2d 410]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J.), rendered March 17, 2004, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of four years, unanimously affirmed.

Defendant made a valid written waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]), and also acknowledged orally that he had discussed the waiver with his attorney and understood it. Accordingly, we find that appellate review of defendant's challenges to both his plea and sentence is foreclosed.

We reject defendant's argument that his plea was jurisdictionally defective and a violation of his alleged constitutional right not to be prosecuted for a crime for which he had not been indicted. While the particular second-degree assault crime to which defendant pleaded guilty (Penal Law § 120.05 [4]) is not a lesser included offense of the first-degree assault crime with which he was charged (Penal Law § 120.10 [3]), either as defined by CPL 1.20 (37) or pursuant to CPL 220.20 (1), this claimed defect did not implicate defendant's right to be indicted by a grand jury (*see* NY Const, art I, § 6; *People v Johnson*, 89 NY2d 905, 907 [1996]). Defendant pleaded to a lesser crime which shared common elements and involved the same victim (*id.* at 908), and the lesser offense involved "essentially the same factual circumstances" as the charged crime (*People v Hahn*, 10

AD3d 809, 810 [2004], *lv denied* 3 NY3d 757 [2004]). Since there is no nonwaivable jurisdictional defect, the waiver of the right to appeal forecloses review of this issue, which, in any event, is unpreserved, and is also forfeited by the plea itself (*see People v Taylor*, 65 NY2d 1, 5 [1985]).

Review of defendant's argument that his sentence is unduly harsh is also foreclosed by his waiver of the right to appeal. Were we to find that defendant did not make a valid waiver, we would perceive no basis for reducing the sentence. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.