■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS CORDOBA, Appellant. [915 NYS2d 527]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered November 23, 2009, convicting defendant, upon his plea of guilty, of attempted reckless endangerment in the

first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant, who concedes that a guilty plea to the logically impossible crime of attempted reckless endangerment may be permissible under *People v Foster* (19 NY2d 150 [1967]), claims his plea was involuntary because the court did not advise him that he was pleading guilty to a nonexistent crime. Defendant did not move to withdraw his guilty plea, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), this claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record establishes that defendant's plea was made with a full understanding of the charge to which he was pleading guilty, and there was nothing in the plea allocution that cast doubt on his guilt (*see People v Toxey*, 86 NY2d 725 [1995]). Defendant's allocution clearly established that he was admitting his guilt of first-degree reckless endangerment. Adding the word "attempted," in a plea context, did not change the crime defendant was admitting, but was simply a device to extend leniency by lowering the degree of felony under Penal Law § 110.05 (6). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.