People v Stanley (2018 NY Slip Op 04223)





People v Stanley


2018 NY Slip Op 04223


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


730 KA 16-01192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT STANLEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered June 15, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), for which he was sentenced as a second felony offender to concurrent indeterminate terms of imprisonment of 2 to 4 years. Defendant failed to preserve for our review his contention that County Court erred in finding that he is a second felony offender based on a prior conviction of attempted reckless endangerment in the first degree, which is a legally impossible crime, because he did not challenge the predicate felony statement filed by the People pursuant to CPL 400.21 and did not object to the court's determination (see People v Smith, 73 NY2d 961, 962-963 [1989]; People v Williams, 118 AD3d 1429, 1430 [4th Dept 2014], lv denied 24 NY3d 1222 [2015]). In any event, defendant's contention lacks merit. It is well settled that a defendant may plead guilty to a legally impossible crime (see People v Foster, 19 NY2d 150, 153-154 [1967]; People v Cordoba, 80 AD3d 461, 462 [1st Dept 2011], lv denied 16 NY3d 857 [2011]), and there is no authority for defendant's claim that a legally impossible crime cannot be the prior felony for predicate sentencing purposes.
Finally, even assuming, arguendo, that defendant's waiver of the right to appeal does not encompass his challenge to the severity of the sentence, we perceive no basis in the record upon which to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court