People v Hall (2018 NY Slip Op 08583)





People v Hall


2018 NY Slip Op 08583


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

109191

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHARLES HALL, Also Known as AKBAR, Appellant.

Calendar Date: November 14, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
Barbara D. Underwood, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered October 27, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant was charged in an indictment with conspiracy in the second degree and attempted criminal possession of a controlled substance in the third degree. In satisfaction thereof, defendant pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fifth degree and waived his right to appeal. He was sentenced as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of two years followed by two years of postrelease supervision. Defendant appeals, and we affirm.
We are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. County Court distinguished the right to appeal as separate and distinct from the rights automatically forfeited by a guilty plea, and a written appeal waiver was executed in open court. The written waiver indicated that defendant had been informed by his counsel of the consequences of the waiver, and defendant acknowledged that he signed and understood the waiver after conferring with counsel regarding its contents. We therefore find that defendant's combined oral and written waiver of the right to appeal was valid (see People v Nieves, 163 AD3d 1359, 1359-1360 [2018], lv denied 32 NY3d 1006 [2018]; People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]). As such, defendant's contention that his sentence is harsh and excessive is precluded by his valid appeal wavier (see People v Royal, 161 AD3d 1217, 1218 [2018], lv denied 32 NY3d 1007 [2018]; People v Dutcher, 156 AD3d 1122, 1122 [2017]).
Defendant next contends that his guilty plea was jurisdictionally defective because criminal possession of a controlled substance in the fifth degree is not a lesser included offense of attempted criminal possession of a controlled substance in the third degree, as was charged in the indictment. However, defendant's claim that his plea ran afoul of CPL 220.10 does not survive his valid appeal waiver (see People v White, 38 AD3d 320, 321 [2007], lv denied 9 NY3d 870 [2007]) and, in any event, is precluded by his guilty plea (see People v Keizer, 100 NY2d 114, 119 [2003]; People v Hahn, 10 AD3d 809, 809 [2004], lv denied 3 NY3d 757 [2004]). Even if properly before us, under the factual circumstances of this case, we would find that there is no jurisdictional impediment to the court's acceptance of defendant's plea (see People v Johnson, 89 NY2d 905, 908 [1996]; People v Hahn, 10 AD3d at 810). Defendant's assertion that he received the ineffective assistance of counsel survives his waiver of appeal to the extent that it implicates the voluntariness of his guilty plea (see People v Dubois, 150 AD3d 1562, 1563 [2017]). Such assertion, however, is unpreserved in the absence of an appropriate postallocution motion (see People v Gardner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]). Defendant's remaining contentions have been examined and found to be without merit.
Devine, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.