People v Acosta (2022 NY Slip Op 00509)





People v Acosta


2022 NY Slip Op 00509


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Ind No. 1217N/18 Appeal No. 15133 Case No. 2019-04153 

[*1]The People of the State of New York, Respondent,
v
Adonis Acosta, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Chloe J. Serinsky of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alvin L. Bragg Jr. and Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis Farber, J.), rendered February 6, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to three years' probation, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.
The indictment charged defendant with criminal possession of a controlled substance in the third degree, under Penal Law § 220.16(1), which requires proof that the defendant "knowingly and unlawfully possesse[d] . . . a narcotic drug with intent to sell it." The indictment also contained two other lesser counts that are not at issue in this appeal. Defendant pleaded guilty to third-degree criminal possession of a controlled substance under Penal Law § 220.16(12), which is committed when a defendant "knowingly and unlawfully possesses . . . one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more."
"Except in circumstances not relevant here, where the indictment charges two or more offenses in separate counts, a defendant may enter a plea of guilty to one or more of the offenses charged and/or lesser included offenses thereof" (People v Johnson , 89 NY2d 905, 907 [1996], citing CPL 220.10[4]). "For plea purposes only, lesser included offenses include not only those qualifying as such under the general statutory definition of lesser included crimes (CPL 1.20[37]), but also the specifically enumerated extensions of the lesser included offense concept, set forth in CPL 220.20(1)(a)-(k)" (id. ).
Third-degree possession of a controlled substance in violation of Penal Law § 220.16(12) is not a lesser included offense of third-degree possession in violation of Penal Law § 220.16(1). The former subsection was not charged in the indictment, does not qualify as a lesser included offense under the general statutory definition, and is not included in the class of crimes that are deemed lesser included offenses of criminal possession of a controlled substance pursuant to CPL 220.20(1)(i). Although that subsection deems "any offense of criminal possession of a controlled substance, in any degree" to be a lesser included offense of any crime of criminal possession of a controlled substance, that expansive definition is limited by the restriction set forth in the prefatory language of CPL 220.20(1), which applies to all of the "rules" that follow it. Specifically, CPL 220.20(1) limits the definition of "lesser included offense" to "offense[s] of a lesser grade than one charged in a count of an indictment." Accordingly, Penal Law § 220.16(12), which is of the same grade (class B felony) as § 220.16(1), cannot be a lesser included offense of it. Under these principles, defendant's plea was jurisdictionally defective, and therefore must be vacated (see People v Martinez , 285 AD2d 387 [*2][1st Dept 2001]).
This determination renders defendant's remaining argument academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022