People v Cantie (2024 NY Slip Op 03694)

People v Cantie

2024 NY Slip Op 03694

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2018-01313
 (Ind. No. 7313/14)

[*1]The People of the State of New York, respondent,
v
Darrell Cantie, appellant.

Mark Diamond, Pound Ridge, NY, for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered April 5, 2017, as amended April 10, 2017, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was charged in an indictment with, among other crimes, attempted assault in the first degree and assault in the second degree relating to Paul Gilbert (counts 1 and 3, respectively). By order dated February 2, 2015, the Supreme Court, inter alia, dismissed count 3 of the indictment, with leave given to the People to re-present that count to a new grand jury. Although that count was never re-presented, the defendant pleaded guilty to assault in the second degree as purportedly charged in count 3 of the indictment and was sentenced to a determinate term of imprisonment of 2 years followed by a period of postrelease supervision of 1½ years.
"'[A] guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings'" (People v Guerrero, 28 NY3d 110, 116, quoting People v Konieczny, 2 NY3d 569, 572 [internal quotation marks omitted]). "The provisions of CPL article 220 govern the acceptance of guilty pleas under indictments and, in some respects, are jurisdictional in nature because of constitutional implications" (People v Johnson, 89 NY2d 905, 907; see NY Const, art I, § 6). "Section 220.10 provides that '[t]he only kinds of pleas which may be entered to an indictment are those specified in this section'" (People v Johnson, 89 NY2d at 907, quoting CPL 220.10 [emphasis omitted]). "Except in circumstances not relevant here, where the indictment charges two or more offenses in separate counts, a defendant may enter a plea of guilty to one or more of the offenses charged and/or lesser included offenses thereof" (People v Johnson, 89 NY2d at 907; see CPL 220.10[4]).
"For plea purposes only, lesser included offenses include not only those qualifying as such under the general statutory definition of lesser included crimes (CPL 1.20[37]), but also the specifically enumerated extensions of the lesser included offense concept, set forth in CPL 220.20(1)(a)-(k)" (People v Johnson, 89 NY2d at 907). Moreover, the Court of Appeals has sanctioned two narrow exceptions to the statutory plea of guilty restrictions of CPL article 220 (see [*2]People v Johnson, 89 NY2d at 907). First, the Court of Appeals has "approved of a plea to the technically nonexistent crime of an attempt to commit a specific crime which, by definition, is committed without intent, but which otherwise would have been a lesser included offense as an attempt under the general definition of CPL 1.20(37)" (id. at 908). Second, the Court of Appeals has "approved of a plea to a lesser crime technically inconsistent with the crime charged, albeit sharing common elements and involving the same victim" (id.).
Here, the defendant, in pleading guilty to assault in the second degree, as purportedly charged in count 3 of the indictment, pleaded guilty to a lesser crime sharing common elements and involving the same victim as was charged in count 1 of the indictment, which charged him with attempted assault in the first degree. Thus, there was no jurisdictional impediment to the Supreme Court's acceptance of the defendant's plea (see id.; People v White, 38 AD3d 320, 320-321; People v Hahn, 10 AD3d 809, 810-811). Moreover, the defendant forfeited any claim of statutory noncompliance by his plea (see People v White, 38 AD3d at 321; People v Hahn, 10 AD3d at 809-810).
The parties' remaining contentions, including those raised in the defendant's pro se supplemental brief, either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court