People v McCall (2025 NY Slip Op 03771)

People v McCall

2025 NY Slip Op 03771

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Ind. No. 833/20|Appeal No. 4620|Case No. 2023-05635|

[*1]The People of the State of New York, Respondent,
v
Joyquin McCall Also Known as Joaquin McCall, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 25, 2023, convicting defendant, upon his plea of guilty, of robbery in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 2 to 4 years for robbery in the third degree and criminal possession of a weapon in the third degree, and time served for criminal possession of a weapon in the fourth degree, unanimously affirmed.
Defendant's appellate challenge to the propriety of his plea to criminal possession of a weapon in the fourth degree, as a lesser included offense of criminal possession of a weapon in the third degree, is foreclosed by his valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]; People v Trulove, __ AD3d __, 2025 NY Slip Op 01178 [1st Dept 2025]). In any event, by pleading guilty, defendant forfeited his right to challenge his plea to the lesser included offense of criminal possession of a weapon in the fourth degree (see People v Manuel, 143 AD3d 473 [1st Dept 2016], lv denied 28 NY3d 1147 [2017]). Defendant also failed to preserve any challenge regarding his plea to the lesser included offense by raising it in a motion to withdraw his plea or otherwise objecting prior to the imposition of sentence (see People v White, 38 AD3d 320, 321 [1st Dept 2007], lv denied 9 NY3d 870 [2007]), and we decline to review it in the interest of justice.
As an alternative holding, we reject defendant's contention that the fourth-degree criminal possession of a weapon count must be dismissed as an inclusory concurrent count under CPL 300.40(3)(b). This provision "deals only with trials, and has no application to convictions obtained on plea of guilty" (People v Walton, 41 NY2d 880, 880-881 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025